Grant *v*. Ward.

---

AMOS GRANT *vs.* DANIEL WARD.

*Fraud not to be presumed.*

Fraud is not to be presumed, even in the case of a conveyance made by a debtor to his wife, where he testifies that it was for a valuable consideration, and there is no evidence adduced to impeach his character or contradict his statement.

ON REPORT.

REAL ACTION to recover possession of certain premises in Winterport, conveyed by William Mugridge to Daniel Ward, December 8, 1866, for $1200, and mortgaged back the same day to secure

one-half of the purchase money; which mortgage was discharged November 30, 1869. Upon the twenty-third day of June, 1868, Mr. Ward conveyed the premises, by deed of warranty, to his wife Martella Ward; and upon the fifteenth day of December, 1869, joined in her conveyance of them to her father, Lyman Littlefield. Mr. Ward called in his own behalf, testified that his wife, whom he married June 28, 1866, paid him a thousand dollars, for his deed of the place, partly in money and partly in her father's notes, one hundred before the giving of the deed to her, four hundred at the date of delivery, and her father's notes (still outstanding) for the other five hundred. The demandant introduced no rebutting testimony, relying upon the inherent improbability of the tenant's story, as detailed upon the examination and cross-examination, and upon this title of a judgment creditor, by a purchase of the tenant's equity of redemption at a sheriff's sale.

*N. H. Hubbard* for the demandant.

*N. Abbott* for the tenant.

WALTON, J. Real action before the law court on report. The only evidence of title in the plaintiff is a sheriff's deed of an equity of redemption. There had been no previous attachment on the writ; and more than a year before the seizure and sale on execution the debtor had conveyed the premises to his wife by a warranty deed duly acknowledged and recorded. If effect be given to this deed it of course defeats the plaintiff's title. No evidence is offered to impeach it, and no reason is assigned why it should not be held to be a valid deed. It may have been made to defraud creditors; but there is no evidence of any such fraudulent purpose. On the contrary, the debtor swears that it was made in good faith, and for a full and valuable consideration. Fraud cannot be presumed. In the absence of proof to the contrary, the presumption is that fraud does not exist. We must, therefore, assume that this deed was not made for a fraudulent

purpose. Giving effect to it, it entirely defeats the plaintiff's title; and judgment must go against him.

*Judgment for the defendant.*

APPLETON, C. J., CUTTING, BARROWS, DANFORTH and PETERS, JJ., concurred.