HOWARD W. GAMAGE *vs.* SUSIE A. HARRIS and others.

Androscoggin. Opinion December 2, 1887.

*Equity. Cloud on title.*

A complainant brought a bill in equity to remove a cloud from his title to land, of which he was not in possession, alleging that the defendants held it by a levy of a fraudulent and collusive judgment. *Held*, that failing to prove the fraud he could not further maintain his bill as he had a plain and adequate remedy at law.

The rule is, that when a cause of action, cognizable at law, is entertained in equity on the ground of some equitable relief sought by the bill, which it turns out can not be granted, the court is without jurisdiction to proceed further, and must dismiss the bill without prejudice.

ON report.

Bill in equity, heard on bill, answer and demurrer, and proof. The facts are sufficiently stated in the opinion.

*Savage and Oakes*, for plaintiff.

That the plaintiff has a remedy at law cannot be presumed in a case of fraud, especially when a discovery is prayed for. *Dwinal* v. *Smith*, 25 Maine, 382; *Taylor* v. *Taylor*, 74 Maine, 589.

In *Taylor* v. *Taylor*, it is pointed out that the decisions in Massachusetts, are somewhat different on account of the restrictive clause in their statute giving equity jurisdiction. But contra, the United States courts maintain the doctrine of the English courts, notwithstanding a like restrictive clause in the judiciary act.

In *Hartshorn* v. *Eames*, 31 Maine, 96, the complainant charged that he "had been defrauded by a voluntary conveyance of real and personal property from one defendant, his debtor, to the other, pending a judgment in his favor on an award." Defendants demurred, on the ground of want of equity and complete and adequate remedy at law. The court say "it would seem to be too clear at this day to need argument to show, that the demurrer is not well taken. The allegation of fraud brings the case within one of the specifications of the statute conferring equity jurisdiction upon this court."

In *Corey* v. *Greene*, 51 Maine, 114, it is written, "if the debtor at any time has had the legal title to the estate, and after the debt was contracted, conveyed it for the purpose of defrauding his creditors, such deed is void in contemplation of law, and the creditor may still levy his execution upon it, and then establish the fraud by proceedings in equity."

If the creditor makes a levy, he may then resort to equity to complete his title. *Call* v. *Perkins*, 65 Maine, 439. See also *Belcher* v. *Arnold*, 1 N. E. Rep. 15, (R. I.)

If a person, having the legal title to real estate, incur a debt, and subsequently convey his estate, in fraud of his creditor, to his wife who makes a similar conveyance thereof to her brother in trust for herself, the creditor thus defrauded may extend his execution issued upon the judgment recovered upon his debt upon the land thus fraudulently conveyed, and perfect his title by a bill in equity against the wife and her grantee. *Wyman* v. *Fox*, 59 Maine, 100.

*Wyman* v. *Richardson*, 62 Maine, 295, referring to *Wyman* v. *Fox*, lays down this doctrine, "a fraudulent conveyance is no transfer of the title as against creditors. The demandant by his levy acquired a legal estate. The bill in equity was for the

purpose of removing any possible cloud resting upon the title thus acquired."

In *Egery* v. *Johnson*, 70 Maine, 260, it was alleged that complainants were the creditors of one of the defendants, who then owned certain real estate, which he conveyed without adequate consideration to the other defendant, to defraud and hinder the complainants; that they recovered judgment against the grantor, and levied their execution upon the land so conveyed and complainants prayed that the defendants should release all their apparent title to the land levied upon to the complainants. The bill was sustained and decree made as prayed for.

As to making the judgment debtor a party. It was done in *Hartshorn* v. *Eames*, 31 Maine, 93; *Egery* v. *Johnson* 70 Maine, 260.

Where one claims under an officer's sale *in invitum*, though not bound to do it, he is certainly justified, in asserting his right against other persons, in making the execution debtor a party. *Richards* v. *Pierce*, 52 Maine, 562.

This case was heard on demurrer to the bill and it was held that it should not be dismissed for misjoinder of parties.

In *Laughton* v. *Harden*, 68 Maine, 208, a bill to set aside a fraudulent conveyance the court say that *Smith* v. *Orton*, 21 How. 41; *Whitmore* v. *Woodward*, 28 Maine, 392; *Dockray* v. *Mason*, 48 Maine, 178; *Richards* v. *Pierce*, 52 Maine, 560, decide that the fraudulent grantor could properly have been joined, but that it was not necessary to join him. If joined, the bill would not have been dismissed on that account.

A demurrer cannot be good as to a part which it covers and bad as to the rest; the whole must stand or fall. And if a demurrer to a part of a bill be not good as to the whole of that part, it is not good for any part of it. *Burns* v. *Hobbs*, 29 Maine, 277; *Laughton* v. *Harden*, 68 Maine, 208; 1 Daniell Ch. Pl. & Pr. 584.

The English rule that plaintiff shall only have discovery of what is necessary to his own title, and shall not pry into title of the defendant, held not applicable in this country. *Adams* v. *Porter*, 1 Cush. 170.

*C. Record,* (*Frye, Cotton and White* with him) for the defendants, cited: 1 Pom. Eq. Jur. § § 221, 222; R. S., c. 76, § 14 and c. 104, § § 1, 6; *Corey* v. *Greene,* 51 Maine, 114; *Call* v. *Perkins,* 65 Maine, 439; *Robinson* v. *Robinson,* 73 Maine, 170; *Lewis* v. *Cocks,* 23 Wall, 466; *Coombs* v. *Warren,* 17 Maine, 404; *Marston* v. *Marston,* 54 Maine, 476; *Spofford* v. *B. & B. R. R. Co.* 66 Maine, 51.

HASKELL, J. Bill to remove a cloud from the title of the orator to two several parcels of land.

The orator claims to have acquired the right to redeem both parcels from a mortgage by virtue of a sale of the equity to him on execution.

Three of the respondents, sisters, claim title to one parcel by virtue of a levy upon it on execution in their favor, and to the other parcel by virtue of a sale to them, on execution, of the right to redeem the same from mortgage; both the levy and the sale were made to perfect a lien upon the land, created by an attachment made earlier than the attachment in the orator's favor under which he claims title.

The orator, not being in possession of the land, seeks to avoid the respondents' levy for irregularity, and to avoid their purchase of the equity, because there was none, and because the sale was irregular and invalid.

Failing in these particulars, the orator seeks to have both the sale and the levy annulled, because the judgment, whereon the execution issued upon which the sale and levy were made, was fraudulent, collusive and void.

The bill invokes two specific grounds for relief: one the invalidity of certain judicial conveyances, the validity of which can as well be determined in an action at law, as in equity; the other a fraudulent and collusive proceeding at law, under which the three respondent sisters claim title.

The second cause for relief is properly within the jurisdiction of a court of equity. The orator charges that three of the respondents, daughters of the other respondent, fraudulently and collusively procured a judgment and execution against their

father, the other respondent, upon a fictitious and groundless claim, and that the title which they claim under the levy and sale on the execution, is colorable only and invalid.

The orator called for an answer to his bill upon oath, to search the conscience of each daughter, and of their father as well. They all answer fully, and no doubt satisfactorily to the orator, as he has no exception to any suggested insufficiency or evasiveness in the answers. The answers, so far as responsive, are evidence on the part of the defence, and must be taken to be true, unless overcome by evidence that outweighs them. They deny all fraud and collusion between the three respondents claiming title and their father, touching the judgment in question.

A careful consideration of the evidence fails to prove that the judgment in controversy is fraudulent, or collusive. The orator and the three female respondents had suits pending at the same time, in the same court against the same defendant, wherein the same land was attached, the attachment of the respondents having been first made, and it is improbable that the orator did not then know of the respondents' suit and attachment. If he then believed that the respondents' suit was upon a fictitious claim, or for a sum too large, he might have defended the same as a subsequent attaching creditor. R. S., 1871, c. 82, § 39; 1883, c. 82, § 46. But this he omitted to do. He might then have compelled the respondents to prove their damages and have prevented expensive litigation in a court of equity. He who asks equity must not only do equity, but come into court free from laches himself.

The three female respondents, scarcely beyond their majority, believed that they had a claim against their father for wood cut by him upon land that they had inherited from their mother, and fearing lest their father might become unable to pay them, consulted a counsellor, whom the court has no reason to distrust, and by his direction prosecuted their claim by suit and recovered judgment and execution. The testimony of their counsellor clearly proves good faith in the proceeding, and the orator has no reason to complain of the result. Had he been more diligent in collecting overdue notes, running at eight per cent interest, his attachment might have been the earlier one.

The orator, failing to prove the fraud charged in his bill, cannot farther maintain the same for a cause giving a plain and adequate remedy at law.

"The rule is, that when a cause of action cognizable at law is entertained in equity on the ground of some equitable relief sought by the bill, which it turns out cannot, for defect of proof or other reason, be granted the court is without jurisdiction to proceed further, and should dismiss the bill without prejudice. *Russell* v. *Clark*, 7 Cranch, 69. *Price's Patent Candle Co.* v. *Bauwens Patent Candle Co.* 4 Kay & J. 727; *Baily* v. *Taylor*, 1 Russ & M. 73; *French* v. *Howard*, 3 Bibb. (Ky.) 301; *Robinson* v. *Gilbreth*, 4 id. 153; *Nourse* v. *Gregory*, 3 Litt. (Ky.) 378;" *Dowell* v. *Mitchell*, 105, U. S. 430.

The orator, not being in possession of the land, cannot in equity test the validity of the levy and sale set up against him. A writ of entry will afford him a plain and adequate remedy. *Spofford* v. *B. & B. R. R. Co.* 66 Maine, 51; *Briggs* v. *Johnson*, 71 Maine, 237; *Robinson* v. *Verrill*, 73 Maine, 176; *Russell* v. *Barstow*, 144 Mass. 130.

> *Bill dismissed, but without prejudice as to matters not decided in this opinion. Respondents to recover one bill of costs.*

PETERS, C. J., WALTON, VIRGIN and EMERY, JJ., concurred.