BENJAMIN F. HASKELL *vs.* MARY THURSTON and another.

Waldo. Opinion January 28, 1888.

*Injunction. Law and equity.*

When an apprehended injury is reparable by an ordinary action at law an injunction will not be granted.

Facts stated upon which an injunction was denied.

ON report.

Bill to restrain the defendants from using more than their portion of the water from a reservoir dam in which the plaintiff was interested.

The facts are fully stated in the opinion.

*W. P. Thompson and R. F. Dunton,* for plaintiff.

So far as the rights of these parties to the use of the water are concerned, the case of *Jordan* v. *Mayo*, 41 Maine, 552, is conclusive.

The grant by the owner of the whole stream of water sufficient for a given purpose, precludes the grantor and his assigns from diminishing or defeating in any way what he has thus conveyed. *Id.*

In *Covel* v. *Hart,* 56 Maine, 518, the owner of land on both banks of a stream, together with the water power created by a dam across it, having a tannery on one side and a saw mill on the other, conveyed the tannery, together with the land connected with it, and also, " a right to draw water from the saw mill flume sufficient to carry on the business of tanning in said yard. " *Held,* That, by the terms of the deed, the grantee acquired an absolute and prior right to the use of the quantity of water named.

" Where the rights and relations of different parties to the use of water are clearly fixed by contract, an injunction may be obtained to restrain any act of either party in violation of the contract, without considering the question · of the probable damage or benefit resulting to the plaintiff from the change. " Wait's Actions and Defences, Vol. 3, p. 714; *Adams* v. *Barney,* 25 Vt. 225; *Corning* v. *Troy Iron and Nail Factory,* 40 N. Y. 191; *Dickenson* v. *Canal Co.* 19 Eng. Law & Eq. 287.

The mere existence of a legal remedy will not bear equitable jurisdiction where the remedy in equity is more adequate, comprehensive and effectual. Gould on Waters, § 511; *Bemis* v. *Upham,* 13 Pick. 169; *Boston Water Co.* v. *Boston & Worc. R. R. Co.* 16 Pick. 512.

In *Gardner* v. *Newburgh,* 2 Johns. Ch. 161, Chancellor KENT says : " It is a clear principle in law, that the owner of land is entitled to the use of a stream of water which has been accustomed from time immemorial, to flow through it, and the law gives him ample remedy for the violation of this right."

In *Senaca Woolen Mills* v. *Tillman,* 2 Barb. Ch. 8, the court say, " The objection of the defendant, that the complainants are not stated to be in the enjoyment of the right claimed, and that such right has not been established in a suit at law is not well taken."

The fact that the complainant has not established his right at law is no ground for demurrer to the bill. *Lockwood Company* v. *Lawrence*, 77 Maine, 312.

Where parties have regulated their rights in water by a contract, and its meaning is clear, or has been adjudicated, equity will restrain the parties from any breach of it, although the acts proposed would not apparently be injurious to the plaintiffs. Gould on Waters, § 538.

In *Bardwell* v. *Ames*, 22 Pick. 333, the court say : " The complainants set forth, that they are mill owners ; that as annexed to their mills they have certain definite rights and privileges in the flow of the water in certain quantities, to and from their respective mills, and that the defendants have certain definite rights in the same stream ; and that the defendants have disturbed them in the enjoyment of their rights, both in diverting the water and in unlawfully flooding their mills with an excess of water beyond their rights. The case thus stated is, in legal contemplation, a nuisance, and thus it is brought within the branch of the statute, which gives this court jurisdiction in equity in all cases of nuisance."

*Joseph Williamson*, for the defendants, cited : High, Inj. § §; 517, 556, 558 ; *Porter* v. *Witham*, 17 Maine, 292 ; *Jordan* v. *Woodward*, 38 Maine, 423 ; Gould, Waters, § 506 ; *Vanwinkle* v. *Curtis*, 3 N. J. Eq. 422 ; *Denison P. M'f'g. Co.* v. *Robinson. M'f'g. Co.* 74 Maine, 116 ; *Lancey* v. *Clifford*, 54 Maine, 490 ; *Phillips* v. *Sherman*, 64 Maine, 174.

EMERY, J. The evidence seems to establish the following facts. There was a lawful dam across a non-navigable river. From this cross-dam, a wing dam extended down the stream to conduct the water to the mills ; on this wing dam was a cider mill, and below the cider mill, but on the same wing dam was a woolen mill. One Newell formerly owned both dams and both mills. In 1878 he conveyed the lower mill, the woolen mill, to the complainant. The bounds named in the deed did not include any part of the cross-dam, but the deed contained this

language : " And the said Newell hereby conveys an equal privilege in the water power and dams, to the said Haskell, provided the said Haskell shall pay one-half of the repairs made and to be made on said dam and flumes and one-half of the purchase contemplated for the upper dam, so called. It is also hereby agreed that in case of drouth said Haskell is to have the first right to use the water to the amount of two hundred and twenty-five inches."

The " upper dam " alluded to was a reservoir dam, some distance above the main cross-dam, and does not appear to have belonged to Newell.

In 1884 Newell conveyed to the respondents the rest of the property, " excepting so much of said estate as was sold to B. F. Haskell, (complainant) January 5th, 1878, and all rights and privileges conveyed to said Haskell at that time. "

There was a drouth in the summer and early fall of 1884, but beyond some disputatious talk, there was no conflict in the use of the water until October 11th ; on that day the respondents purchased one-fourth interest in the upper or reservoir dam from one Shuman, taking a bond for a deed (and afterwards, October 21, taking a deed). The respondents upon making this purchase, claimed a right to use one-fourth of the water, without reference to the complainant's claim to a prior exclusive use of two hundred and twenty-five inches. The respondents then began to use the water for fifteen minutes during each hour, although less than two hundred and twenty-five inches was flowing. October 19th the complainant began these proceedings in equity to restrain the respondents from using even one-fourth of the water under such circumstances.

There is some diversity of opinion among different courts as to when a court of equity should interfere by injunction in matters of this kind, but this court has always been conservative in this respect. It has considered the remedy by injunction, an extraordinary remedy, and only to be used when it is evident that the ordinary remedy at law will not afford adequate relief. It has required the plaintiff to show plainly that his right is clear, and that the anticipated injury is irreparable, — that is, not

reparable by recovery of damages in an action at law, whether from need of numerous or successive suits, or from insolvency of the defendant, or from derangement of business, or from some other cause.

In this case, the question of right is over the respondents' claim to one-fourth of the water under their purchase from Shuman. The respondents do not seem to make any other claim. If this question should be determined against them in an action at law, we have no reason to doubt they would acquiesce, and would refrain from making such use of the water against the complainant. We cannot apprehend a multiplicity of actions.

The operation of the complainant's mill is likely to be hindered only during seasons of drouth, and then only for one-fourth of the time. He has failed to convince us that his business would be seriously deranged. We do not see why he may not readily maintain an action at law and recover full compensation, if he is in the right.

There is no suggestion of any inability of the respondents to pay damages recovered.

The situation and circumstances are widely different from those in *Lockwood Mills* v. *Lawrence*, 77 Maine, 297, relied upon by complainant. They are more nearly like those in the following Maine cases, in which the injunction was denied. *Porter* v. *Witham*, 17 Maine, 292; *Jordan* v. *Woodward*, 38 Maine, 423; *Varney* v. *Pope*, 60 Maine, 192; *Denison M'f'g Co.* v. *Robinson Co.* 74 Maine, 116; *Westbrook M'f'g Co.* v. *Warren*, 77 Maine, 437. We think this case is within the principle of those cases.

> *Injunction denied. Bill dismissed with costs and without prejudice.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and HASKELL, JJ., concurred.