AUGUSTA STEAM LAUNDRY COMPANY, In Equity,

*vs.*

HARRY DEBOW.

Kennebec.    Opinion March 17, 1904.

*Contracts.*   Restraint of Trade.   *Damages,* liquidated.   *Equity,* when injury is irreparable.   Injunction granted.

Where a party binds himself in a sum certain not to carry on or allow to be carried on any particular kind of business within a certain territory, or within a certain time named, generally the sum mentioned will be regarded as liquidated damages.

To entitle a party to an injunction for the violation of such an agreement, he must show that from some cause the anticipated injury is irreparable.

Such injury is shown to be irreparable when it is admitted that a judgment at law against the defendant would be worthless.

In such case, notwithstanding the damages are liquidated, in the absence of anything in the agreement showing a contrary intention, the obligee has the option to proceed in law or in equity. If he elect the latter course an injunction will be granted.

Bill in equity praying for an injunction.   Submitted on agreed statement.   Injunction granted.

The case appears in the opinion.

*Jos. Williamson and L. A. Burleigh,* for plaintiff.

*B. F. Maher,* for defendant.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

POWERS, J.   This case is reported on the following agreed statement of facts.

"Bill in equity praying that the defendant be perpetually enjoined and commanded by this court absolutely to desist and refrain from going into or carrying on the laundry business in said Augusta, either in his own name or in the name of any other person, or as clerk or agent of any other person, or from going into or carrying on the laun-

dry business in said Augusta in any manner, directly or indirectly, and from all attempts, directly or indirectly, to accomplish said object until the 11th day of June, 1907.

On July 11, 1902, in consideration of the purchase of their laundry business, the defendant and one Guy H. Johnson made a written agreement under seal with the plaintiff as follows:

'And we hereby agree not to engage in the laundry business, together or separately, for five years in Augusta without permission of said company, and further agree that if either of us so engage in said business, the one so engaging shall pay said company one dollar per day for the time so engaged.'

On May 1, 1903, the defendant without the consent of said plaintiff entered into the laundry business on Bridge Street in said Augusta as agent for one H. F. Twombly of Gardiner and has ever since engaged in said business."

It is also admitted that at the time of the commencement of the bill and of the hearing, the plaintiff was engaged in the laundry business at Augusta, and that a judgment for damages against the defendant would be worthless.

The one dollar per day which the defendant agreed to pay, for the time which he was engaged in business in violation of his agreement, must be regarded as liquidated damages. It is not disproportionate to the actual injury which it may well be believed the plaintiff would suffer through the defendant's competition. Another consideration leading to the same conclusion is the difficulty of accurately ascertaining in a case of this kind the amount of the damages sustained. *Maxwell* v. *Allen*, 78 Maine, 32, 57 Am. Rep. 783. And, in general, where a party binds himself in a sum certain not to carry on or allow to be carried on any particular kind of business, within a certain territory, or within a certain time named, the sum mentioned will be regarded as liquidated damages. *Holbrook* v. *Tobey*, 66 Maine, 410, 22 Am. Rep. 581. This being so, it is claimed that the plaintiff has a plain, adequate and complete remedy at law.

The remedy by injunction is an extraordinary one, and should only be applied when the remedy at law is inadequate and inefficient to do justice in the particular case. The plaintiff must show that

from some cause the anticipated injury is irreparable, "that is, not reparable by the recovery of damages in an action at law." *Haskell* v. *Thurston*, 80 Maine, 129. In the present case it is admitted that a judgment at law against the defendant would be worthless. It needs no argument to show that a worthless judgment is not an adequate remedy for a substantial injury; that an action at law, which only leaves the plaintiff poorer by the expense which he incurs in its prosecution, is no reparation for the actual and substantial injury which he has suffered by the defendant's breach of his contract. Such a remedy is no remedy. True, the damages are liquidated and the plaintiff has a right to recover a judgment for them in an action at law, but when it is admitted that the judgment would be worthless, in every just and equitable sense it is a misnomer to call this right a remedy. It is but a stone; the plaintiff asks for bread. The principle that the insolvency of the defendant may make the right of action at law an inadequate and inefficient remedy is recognized in *Haskell* v. *Thurston*, supra, and in the text and cases cited in 10 Ency. Pleading & Practice, 956.

It is claimed that the option is with the defendant to determine whether he would perform the agreement or pay the damages. We do not think so. The object of the agreement was to give to the plaintiff the right to pursue the laundry business in Augusta for the term of five years without competition from the defendant. The defendant agreed to do two things, not to engage in the business, and if he did so engage, to pay the sum named. He has done neither, and his financial condition is such that he cannot be compelled to do the latter. The plaintiff had a right to rely upon each and all of the agreements made with him by the defendant. In the absence of any words showing an intention on the part of the parties to give to the defendant the option of substituting the latter for the former agreement contained in the contract, the plaintiff must be held to have the option to elect upon which agreement he will proceed. *Ropes* v. *Upton*, 125 Mass. 258, is very similar to the case at bar. The defendant there had agreed under a forfeiture of one thousand dollars to sell his business and its good-will to the plaintiff, and not thereafter to engage in the business in the town of Danvers. He did

engage in business and an injunction was granted notwithstanding the sum named was held to be liquidated damages, the court saying that there was abundant authority to show that the distinction contended for was not regarded by courts of equity.     The fact that the defendant is acting as agent of another is immaterial.     *Emery* v. *Bradley*, 88 Maine, 357.

The result is that the bill must be sustained and an injunction granted as therein prayed for.

*Decree accordingly and for costs against the defendant.*