In Equity.

GEORGE B. BOYNTON, et al.,

*vs.*

AUSTIN HALL, et als.

Washington.    Opinion April 3, 1905.

*Equity.    Obstructing a Stream.    When an alleged Nuisance will not be Enjoined.*

A bill in equity by the owners of a mill against the owners of another mill higher up upon the same stream, alleging that the defendants by the use of planks and gates in their dam were obstructing the natural flow of the stream, to the injury of the plaintiffs, and praying that the obstruction be adjudged a nuisance, and that it be abated, cannot be sustained, when the rights of the parties have never been determined by an action at law, and where there is neither allegation in the bill, nor proof in the record, that irreparable injury will result to the plaintiffs, unless an injunction be granted, nor that their rights are in danger, nor that adequate compensation for their wrongs may not be obtained in an action at law.

In equity.    On report.    Bill dismissed with costs.

Bill in equity praying that a certain dam on Orange Stream in Whiting, Washington County, be adjudged a nuisance, and that the defendants, the owners thereof, be enjoined from further obstructing

the natural flow of said stream to the injury of the plaintiffs who are the owners of a mill and dam on the same stream, below the defendants' dam.

The case is sufficiently stated in the opinion.

*A. D. McFaul and W. R Pattangall,* for plaintiffs.

*J. H. Gray and John F. Lynch,* for defendants.

SITTING: . WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, . SAVAGE, SPEAR, JJ.

SAVAGE, .J. The complainants are owners of a mill on Orange Stream in Whiting. The defendants are the owners of another mill and dam on the same stream above the complainant's mill. The gist of the complaint is that the defendants by the use of planks and gates in their dam were obstructing the natural flow of the stream to the injury of the complainants. The prayer is that the obstruction be adjudged a nuisance and that it be abated. The rights of the parties have never been determined by an action at law. There is neither allegation in the bill, nor proof in the record, that irreparable injury will result to the complainants, unless an injunction be granted, nor that their right is in danger, nor that adequate compensation for their wrongs may not be obtained in an action at law. Under such conditions we think the bill cannot be sustained. The granting of an injunction is an exercise of an extraordinary power by the court, and the power should be exercised only when the case clearly demands it. It has always been the rule in this state that the court may interfere to prevent a nuisance from being brought into existence, but it will not enjoin an alleged existing nuisance, unless it appears that there is a strong and imperious necessity for so doing, in order to prevent irreparable loss or injury, and when the remedy at law would be inadequate; or that the right has been previously established at law, or has been long enjoyed without interruption. *Porter* v. *Witham,* 17 Maine, 292; *Jordan* v. *Woodward,* 38 Maine, 423; *Varney* v. *Pope,* 60 Maine, 192; *Denison Mfg. Co.* v. *Robinson Mfg. Co.,* 74 Maine, 116; *Lockwood Co.* v. *Lawrence,* 77 Maine, 297; *Haskell* v. *Thurston,* 80 Maine, 129; *Tracy* v. *LeBlanc,* 89 Maine, ·304;

*Sterling* v. *Littlefield*, 97 Maine, 479. In several of those cases the conditions were like those in the present case. Here none of the conditions essential to the exercise of equitable jurisdiction appear to exist.

*Bill dismissed with costs.*