Rose E. Ames Wilson, In Equity

*vs.*

Charles H. Littlefield, Executor.

Piscataquis.    Opinion April 5, 1920.

*Redemption of mortgage.    Pro forma ruling.    Burden of proof.    Appeal from pro forma decree cannot be considered as report.    In equity appellant must show decree to be clearly wrong.*

This is a proceeding in equity under the provisions of R. S., Chap. 95, Sec. 15, demanding of the executor of a mortgage a true account of the sum due on the mortgage, and of the rents and profits, and money expended in repairs and improvements, if any, and offering to pay the sum found to be equitably due in full discharge of the mortgage.    The case was heard before a single Justice, without a jury, and a finding and decree made and signed in which it was ordered, adjudged and decreed that the plaintiff should pay to the defendant a certain sum within a prescribed time.    The defendant, claiming a larger sum to be due on the mortgage, seasonably filed notice of and perfected his appeal.

The Justice who heard the case declared his findings to be pro forma.    The defendant claimed in argument that such finding entitled him to regard the case as before us upon report, and hence he was relieved of the burden of showing that the decision of the Justice was clearly wrong.

*Held:*

1.    That under our statute, R. S., Chap. 82, Sec. 25, in order to report an equity case to the Law Court two elements must be present; first, one in which the presiding Justice is concerned, because it is conditional upon his opinion that a question of law is involved of sufficient importance or doubt to justify the report; second, one in which the parties are concerned, because they must agree to have the case reported.    In the case at bar neither of these elements exists, and we cannot concede that the cause is before us as a report or in the nature of a report.

2.    That the case is before us only upon appeal and we must be governed by the well established rule that in case of an appeal, in equity proceedings, the burden is upon the appellant.    He must show the decree appealed from to be clearly wrong, otherwise it will be affirmed.

3.    After a careful examination of the record we are unable to say that the appellant has sustained that burden.

In equity.    On appeal.    Appeal dismissed with costs.    Decree below affirmed.

Bill in equity under the provisions of R. S., Chap. 95, Sec. 15, to redeem a mortgage given by plaintiff to John E. Littlefield, defendant's testate. The principal contention at issue was as to whether a certain receipt for money alleged to have been paid by plaintiff to said John E. Littlfied, should be credited on the note. The cause was heard upon bill, answer and proof before a single Justice without a jury, who found, pro forma, that plaintiff should pay to the defendant one hundred twenty-nine dollars and eleven cents, within a presscribed time, from which ruling defendant appealed.

Case stated in the opinion.

*Gillin & Gillin,* for plaintiff.

*Hudson & Hudson,* for defendant.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

PHILBROOK, J.   This is a proceeding in equity under the provisions of R. S., Chap. 95, Sec. 15, demanding of the executor of a mortgagee a true account of the sum due on the mortgage, and of the rents and profits, and money expended in repairs and improvements, if any, and offering to pay the sum found to be equitably due in full discharge of the mortgage. The case was heard before a single Justice, without a jury, and a finding and decree made and signed in which it was ordered, adjudged and decreed that the plaintiff should pay to the defendant the sum of one hundred twenty-nine dollars and eleven cents within a prescribed time. The closing paragraph of the decree is: "A transcript of the testimony in the case is filed as part of this decree, and my findings are expressly declared to be pro forma." The defendant, claiming a larger sum to be due on the mortgage, seasonably filed notice of and perfected his appeal. In his brief, counsel for defendant says: "we wish, however, to call the attention of the court that the decision of the Justice was pro forma and not on the merits of the case. We, therefore, do not have the burden of showing that the decision of the Justice was clearly wrong, but claim that we are here as though the case had come up on report, in which event the burden would still be on the plaintiff to make out her case by a fair preponderance of the evidence."

The statutes of our State, in some measure, limit, extend, define and prescribe the procedure in equity cases so far as practice in our

court is concerned. As to report, R. S., Chap. 82, Sec. 25, provides that "Upon a hearing in any cause in equity, the justice hearing the same may report the cause to the next term of the law court, if he is of the opinion that any question of law is involved, of sufficient importance or doubt to justify the same, and the parties agree thereto." Thus it will be observed that in order to report an equity case to the Law Court two elements must be present; first, one in which the presiding Justice is concerned because it is conditional upon his opinion that a question of law is involved of sufficient importance or doubt to justify the report; second, one in which the parties are concerned because they must agree to have the case reported. In the case at bar neither one of these elements, according to the record, appears to exist, and we cannot concede that the cause is before us as a report or in the nature of a report.

On the other hand we are clearly presented with an appeal, under the provisions of the statute already referred to, and we must be governed by the well established rule that in case of an appeal, in equity proceedings, the burden is upon the appellant. He must show the decree appealed from to be clearly wrong, otherwise it will be affirmed. *Young* v. *Witham*, 75 Maine, 536; *Carll* v. *Kerr*, 111 Maine 365; *Haggett* v. *Jones*, 111 Maine, 348; *Eastman* v. *Eastman*, 117 Maine, 276.

After a careful examination of the record we are unable to say that the appellant has sustained the burden of showing that the decree in this case is clearly wrong.

*Appeal dismissed with costs.*
*Decree below affirmed.*