ALICE G. EDWARDS ET ALI. *vs.* FLORA B. SEAL.

Cumberland.   Opinion October 21, 1925.

*A general demurrer will not sacrifice substance to form.   Equity looks with a charitable eye, and sees defects in the bill in point of form, only when they are especially set out.*

*The doctrine of res judicata holds that any right, fact, or matter in issue, directly adjudicated upon, or necessarily involved in, the determination by a competent court, of an action in which a judgment or decree is rendered upon the merits, is conclusively settled by the judgment therein and cannot be litigated again between the parties and their privies whether the subject matter of the two suits is the same or not.   Where the second action between the same parties, or those in privity, is on a different cause, the earlier judgment is but estoppel as to those matters which were brought to an end in the previous litigation.*

In the instant case the important thing is that the identical issue stands decided before on actual trial. What was in issue in the former action may appear from the record, or may not. Such issues as are evidenced, either by the pleadings or parol, as the particular situation may require, and on which judgment was rendered, or such issues as by reasoning are essential to and necessarily involved in the former judgment, are to be considered as at rest.

The judgment is that which works conclusiveness. In the judgment is the connection of antecedent and consequent. And a judgment dismissing an action on settling the ultimate facts in controversy, as distinguished from a dismissal without prejudice, or for want of jurisdiction, or the like, is conclusive to the same extent as if rendered on a verdict.

On exceptions.  A proceeding in equity brought for the purpose of establishing the title of the moving parties to certain real estate situate in the city of Portland.  Respondent filed an answer containing a general demurrer and a request that a specified issue of fact be framed to be submitted to a jury.  A hearing was had upon the bill, answer, stipulation, and proof, and the demurrer was overruled and the bill sustained, the sitting Justice finding that the issue of fact which respondent requested be submitted to a jury was res judicata, and respondent entered exceptions.  Exceptions overruled.

The case is succinctly stated in the opinion.

*Carl W. Smith, John T. Fagan and Joseph E. F. Connolly,* for plaintiffs.

*Benjamin G. Ward,* for respondent.

SITTING:  PHILBROOK,  DUNN,  MORRILL,  DEASY,  STURGIS, BARNES, JJ.

DUNN, J.  Equity.  On exceptions.  Effect of general demurrer. Res judicata.

This defendant, now known as Flora Belle Seal, was the wife and became the widow of one Edgar F. Edwards.  During marriage Mr. Edwards quitclaimed an undivided interest in Portland real estate to another man surnamed Edwards, whose Christian name was Orlando.

Edwards the grantor died.  And Edwards the grantee defended the bill by his grantor's widow, that her inchoate right by statute in the realty was not barred, and is ripened into vested title.  Objective was equitable partition of the property, the plaintiff alleging ownership in herself as a tenant in common.

Answer set up that the plaintiff released her right to inherit by joining with her husband in the very deed to his grantee.

The case was heard on bill, answer, stipulation, and proof.  Dismissal of the bill was decreed.  This involved the finding that the plaintiff in that bill had intentionally signed the deed.

On the death of  Mr. Orlando Edwards, title to that which he acquired by the deed from Mr. Edgar Edwards, passed by the statutes of descent to his widow and heirs at law.

Now, they in whom the statutes vested from Orlando Edwards, title to the undivided interest that Edgar deeded to Orlando, (all

but one in immediately successive relationship, and the one through an intervening devise), and who have other undivided interests in the real estate as well, so that common ownership of the whole is in themselves and their joint plaintiff, are proceeding against the widow of Edgar in respect to the extent of the land conveyed within the meaning of the plaintiff's linked-together deeds.

Although entitled in equity, the proceeding begins as if by design it were modeled on R. S., Chap. 109, Sec. 48, summarily to remove cloud upon the title. But later recitals are to establish right to the land, with appropriate prayer, and for subpoena. R. S., Chap. 109, Sec. 52.

Defendant's answer contains a general demurrer. Besides, there is denial that Edgar F. Edward's wife joined in the conveyance to Orlando, and request that this issue be framed for a jury. Hearing was on bill, answer, replication, and proof. The demurrer was overruled. The bill was sustained. It was held, that the issue of fact requested submitted to a jury, was res judicata. The case is up on law points alone.

A general demurrer will not sacrifice substance to form. Equity looks with a charitable eye, and sees defects in the bill in point of form, only when they are specially set out. Heard Equity Pleading, 53. It is the bad beginning left uncorrected that makes ending proverbed bad. Intelligible and consistent description may counteract and supersede earlier inaccuracy in recital. Then, if the end be well, all will be well, on general demurrer. These plaintiffs are in court. The demurrer falls harmless. Read and construed in entirety, the proceeding was begun against a defendant made personally amenable to decree, to establish title to land. R. S., supra.

The doctrine of res judicata, as Corpus Juris clearly and compactly puts it, embodies as the second of its only two main rules, that any right, fact, or matter in issue, directly adjudicated upon, or necessarily involved in, the determination by a competent court, of an action in which a judgment or decree is rendered upon the merits, is conclusively settled by the judgment therein and cannot be litigated again between the parties and their privies, whether the subject matter of the two suits is the same or not. 34 C. J., 743. Where the second action between the same parties, or those in privity, is on a different cause, the earlier judgment is but estoppel as to

those matters which were brought to an end in the previous litigation. *Smith* v. *Brunswick*, 80 Maine, 189; *Corey* v. *Independent Ice Co.* 106 Maine, 485, 495; *Harlow* v. *Pulsifer*, 122 Maine, 472.

The dismissal of the bill filed by Flora Belle Seal is without mention of the allegations in dispute on the pleadings. None is necessary. *Corbett* v. *Craven*, 193 Mass., 30. The important thing is that the identical issue stands decided before on actual trial. What was in issue in the former action may appear from the record, or may not. *Blodgett* v. *Dow*, 81 Maine, 197, 201: *Foye* v. *Patch*, 132 Mass., 105. Such issues as are evidenced, either by the pleadings or parol, as the particular situation may require, and on which judgment was rendered, or such issues as by reasoning are essential to and necessarily involved in the former judgment, are to be considered as at rest.

The judgment is that which works conclusiveness. In the judgment is the connection of antecedent and consequent. And a judgment dismissing an action on settling the ultimate facts in controversy, as distinguished from a dismissal without prejudice, or for want of jurisdiction, or the like, is conclusive to the same extent as if rendered on a verdict. *Franklin County* v. *German Savings Bank*, 142 U. S., 93, 35 Law ed., 948; *Foot* v. *Gibbs*, 1 Gray, 412.·

*Exceptions overruled.*