SADIE R. LEVESQUE

*vs.*

ANTOINE B. PELLETIER

Aroostook.   Opinion, August 4, 1949.

*F. Harold Dubord, William H. Niehoff,* for plaintiff.

*Harry C. McManus,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J. This cause in equity is before the Law Court from Aroostook County on plaintiff's appeal from the decree of the sitting justice dismissing without prejudice the plaintiff's bill.

The record shows that in the year 1935 Albenie Roy, the former husband of the plaintiff, commenced a business of selling Tingleys Bread, Berwick Cakes, bleach water, and other goods, to stores and homes in that part of northern Aroostook County commonly called the St. John River Valley. Mr. Roy carried on this business until his death in 1944. The defendant, Antoine Pelletier, was for a time a competitor of Albenie Roy in the same line of business, and later had been employed by Albenie Roy in the delivery of breads and pastries. The defendant Pelletier was engaged by the plaintiff after her husband's death in 1944 "to manage the business just as if it had been his own" for the sum of forty dollars per week. At the end of three months Pelletier asked for an increase of wages and his pay was increased by the plaintiff to fifty dollars. In February 1945, the plaintiff says, she offered "him to be on commission and we agreed I would pay him five per cent of the products he would sell—bread and pastries, and five cents a gallon for every gallon of bleach water." Later, in October 1945 the defendant desired to purchase the business, and as a result an agreement was made in writing whereby Sadie Roy Levesque "leased" to Antoine B. Pelletier "all her bread and pastry business" for which Antoine B. Pelletier agreed to pay fifty dollars per week from October 29, 1945 "until the

death of said Sadie Roy Levesque, or until the death of said Antoine B. Pelletier." Pelletier was to make his $50.00 weekly payments every Monday, and it was also agreed that the "bread and pastry business will revert back to said Sadie Roy Levesque" on the death of Pelletier or on thirty day notice by Pelletier. The plaintiff in the agreement further reserved "the privilege to retake said bread and pastry business at any time upon giving a thirty day written notice" to Pelletier. Failure to make weekly payments for two weeks waived the written notice. The notice was also to be considered waived if "bread and pastry business bills were not paid by Pelletier when due, and the business shall immediately revert back to said Sadie Roy Levesque." The plaintiff was given the right to examine the books of the business when she desired.

On May 10, 1946 the defendant, Pelletier, gave written notice to the plaintiff of his intention "to return the business to the plaintiff." His last weekly payment to the plaintiff was on June 20, 1946. The defendant, however, did not "return" the business to the plaintiff, but continued to carry on as before in selling the same products to the same customers and has since made no payments to plaintiff. After the notice by the defendant that he intended to return the business, there was some talk between the plaintiff and defendant relative to a purchase of the business by the defendant for $2,500, but no sale was made and the defendant continued as before. Previously, the plaintiff had sold to defendant a truck, and the other equipment that she owned and that he had used in deliveries, so that so far as physical assets were concerned there was nothing to "return."

The plaintiff's Bill in Equity brought June 2, 1948, set out the facts and asked for a decree that the "defendant is holding and operating the aforesaid business in trust for the benefit of the complainant." She asked that an accounting be had; that the business be restored to her, and that an injunction issued to restrain the defendant Pelletier

"from doing business with the customers of said plaintiff and with the firms and persons listed in paragraph one of this bill."

The record and briefs indicate that the request for an accounting was not pressed by the plaintiff, but she did urge fraud, deceit, a trust relationship, that the business be "returned," and that injunction issued.

After full hearing, the sitting justice did not apparently find convincing evidence to establish the material allegations of the plaintiff's complaint in regard to a relationship of trust or of any fraud or deceit, and made final decree "that the plaintiff's bill be dismissed without prejudice." It is the appeal from this decree that the court now considers.

The court has authority to use the extraordinary power of injunction, when it is properly applied for, when justice "urgently demands it" and when there is no legal remedy, or the remedy at law is inadequate. R. S. (1944), Chap. 95, Sec. 34; Whitehouse Equity (1900), 584, Sections 563-565. The writ of injunction is, and always has been, granted in Maine with great caution and only when necessary on clear and certain rights. *Morse* v. *Machias Water Co.*, 42 Me. 119; *Haskell* v. *Thurston*, 80 Me. 129; 13 A. 273; *Boynton* v. *Hall*, 100 Me. 131; 60 A. 871; *Lapointe Machine Co.* v. *Lapointe Co.*, 115 Me. 472; 99 A. 348. When it is shown that a judgment at law on a contract would be worthless, the legal remedy may be considered inadequate. *Laundry Co.* v. *Debow*, 98 Me. 496; 57 A. 845.

The established rule seems to be that when a cause of action is capable of being heard and determined at law, but is entertained in equity on the jurisdictional grounds of equitable relief sought, and it appears from the evidence, or from lack of sufficient proof, that relief in equity cannot be granted, the court may be without jurisdiction and the bill should be dismissed without prejudice. *York* v. *McCaus-*

*land,* 130 Me. 245; 154 A. 780; *Gamage* v. *Harris,* 79 Me. 531; 11 A. 422.

The findings necessarily made by a sitting justice in equity of facts proved, or that there was a lack of proof, are not to be reversed on appeal unless the findings are clearly wrong. The burden to satisfy the Law Court that they are clearly wrong is upon the appellant, and unless so shown the decree appealed from must be affirmed. *Adams* v. *Ketchum,* 129 Me. 212; 151 A. 146.

We have carefully examined the record in this case and are unable to say that the sitting justice was in error. The claim was made by the plaintiff that the defendant was operating the business in trust for the benefit of the plaintiff but the evidence and inferences to be drawn therefrom show that there was no trust, and that the defendant was operating under a "lease," or contract; that the territory covered was the same, or portions were the same, worked by the defendant as competitor or employee during the lifetime of plaintiff's former husband, Albenie Roy; that the defendant obtained knowledge of the business through his former employment or in competition; that there was no covenant or agreement between the parties that restrained or prohibited the defendant from carrying on a similar business of his own; that the claim of the plaintiff that the defendant made false representations to plaintiff's customers that he had purchased the business is not clearly demonstrated nor is it material; that the charges of fraud and deceit are not substantiated; that there were no "trade secrets" learned by the defendant from the plaintiff; that it does not appear that a judgment at law could not be collected; and a judgment at law for damages (if there are legal damages) would be adequate.

In equity, jurisdictional facts should not only be alleged but those facts must be proved. The usual and ordinary rule as to weight and sufficiency of evidence must be complied with. One cannot "guess himself" into a right to have

the equity powers of the court exercised in his favor. There must not be a random judgment. It requires more than conjectures or strained and unnatural inferences. The proof must be convincing. *Adams* v. *Ketchum*, 129 Me. 212, 221; 151 A. 146.

There was no error on the part of the sitting justice in dismissing the bill without prejudice.

*Appeal dismissed.*

*Decree below affirmed.*