GEORGE WOLF

AND

GEORGE WOLF CASH AND CARRY, INC.

*vs.*

W. S. JORDAN CO.

Cumberland.    Opinion, June 21, 1951.

*Redman, White & Willey,*
*John E. Willey,* for plaintiff.

*Wilfred A. Hay,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, WILLIAMSON, JJ.   (NULTY, J., did not sit.)

FELLOWS, J. This equity case heard in the Supreme Judicial Court in Cumberland County, is before the Law Court on plaintiff's appeal from a decision by the sitting justice dismissing the bill.

The bill alleges, in substance, that George Wolf and George Wolf Cash and Carry, Inc. were carrying on the wholesale grocery business in Portland. On April 1, 1948 Wolf was the owner of all the capital stock in the corporation, and employed by the Wolf corporation as manager. As a wholesale dealer Wolf had gained the good will and patronage of many retail grocers, and had established friendly business relations with manufacturers and processors of food products. On April 1, 1948 the plaintiff Wolf corporation had on hand $30,000 worth of merchandise at wholesale cost. That the defendant W. S. Jordan Co. was in the same kind of business, and that with intent to defraud the plaintiffs by removing them as competitors, and to fraudulently obtain lists of their customers and their direct buying facilities of nationally advertised food products, the defendant offered to purchase, and did purchase, for the inventory value of $30,000 the entire stock with the added consideration that the defendant would hire George Wolf as manager of the defendant's wholesale business. That George Wolf would deliver, and did deliver, to the defendant a list of Wolf corporation's customers, and permit the defendant to write to each customer that the defendant had taken over the Wolf business, and to urge their future purchases from the defendant Jordan Co. That the plaintiffs did all in their power to acquire for the defendant proper contacts with their manufacturers and processors. That the defendant agreed to employ Wolf as manager of its business and to give steady employment at an initial salary of $100 per week with a later increase. That the defendant Jordan Co. did not intend to give steady employment to plaintiff Wolf, but acted fraudulently, and "as a trick," to induce the plaintiff to discontinue the com-

petitive business, and to thus obtain the lists of customers and manufacturers. That Wolf entered the employ of defendant at a salary of $100 per week on April 1, 1948 and faithfully performed his duties, and that he increased the business and profits of defendant. That the defendant never intended to give steady employment to the plaintiff George Wolf, and about six months after sale of the stock of merchandise of plaintiff Wolf corporation, and after employment of plaintiff Wolf, the plaintiff Wolf was discharged contrary to agreement, without just cause, and to his great damage. That the defendant W. S. Jordan Co. has profited greatly through its fraudulent conduct.

The prayers for relief made in the bill were (1) that defendant be ordered to produce list of names of customers furnished by plaintiff, and to notify them of wrongful discharge, (2) that defendant return list of names of manufacturers given and to also notify them of Wolf's wrongful discharge, (3) that the court determine the sums of money due to plaintiffs as damages.

The defendant Jordan Co. in its answer denied all allegations of fraud, and stated that the contract to hire was for indefinite term and could be terminated by either party; that George Wolf was discharged because incompetent, and that the plaintiffs have an adequate remedy at law.

After full hearing, the findings of the sitting justice were that the proof of the charges of fraud was not "full, convincing or adequate," and that the complainants have attempted to seek relief in equity when they have a plain, adequate and complete remedy at law. The sitting justice said: "The bill in equity alleges fraud, deception and trickery on the part of defendant corporation and while it prays for certain mandatory relief by way of injunction, the real relief in the opinion of the court is directed to a money recovery, although the allegations of the bill set forth fraud

in ample language." Final decree was entered "dismissed without costs" from which the plaintiffs claimed appeal.

In an equity appeal the Law Court may affirm, reverse or modify the decree of the court below or remand for further proceedings. R. S. (1944), Chap. 95, Sec. 21. An equity appeal is heard anew on the record, but the findings made by a sitting justice in equity, of facts proved, or that there was a lack of proof, are not to be reversed on appeal unless clearly wrong. *Tarbell* v. *Cook,* 145 Me. 339, 75 Atl. (2nd) 800; *Levesque* v. *Pelletier,* 144 Me. 245, 68 Atl. (2nd) 9; *Sears, Roebuck & Co.* v. *Portland,* 144 Me. 250, 68 Atl. (2nd) 12.

In equity, jurisdictional facts should not only be alleged, but the facts must be proved. It requires more than conjecture or strained and unnatural inferences. The proof must be convincing. *Adams* v. *Ketchum,* 129 Me. 212, 151 A. 146; *Gatchell* v. *Gatchell,* 127 Me. 328. It is the general rule that when a cause of action is capable of being heard and determined at law, but is entertained in equity on the jurisdictional grounds of equitable relief sought, and it appears from the evidence, or from lack of sufficient proof, that relief in equity should not be granted, the bill should be dismissed *without prejudice. York* v. *McCausland,* 130 Me. 245, 253, 154 A. 780; *Gamage* v. *Harris,* 79 Me. 531, 11 A. 422. See also *American Oil Co.* v. *Carlisle,* 144 Me. 1, 63 Atl. (2nd) 676.

Fraud is never presumed. In the absence of proof to the contrary, the presumption is that fraud does not exist. *Frost* v. *Walls,* 93 Me. 405; *Grant* v. *Ward,* 64 Me. 239. In the case of a fiduciary relationship between the parties, however, the law may imply a condition of superiority held by one of the parties, and may presume undue influence. *Robie, Appellant,* 141 Me. 369; *Small* v. *Nelson,* 137 Me. 178.

The court has the authority to use the extraordinary power of injunction when it is properly applied for, when justice urgently demands it, and when there is no legal remedy or the remedy at law is inadequate. The writ of injunction is, and always has been, granted in Maine with great caution and only when necessary on clear and certain rights. *Levesque* v. *Pelletier,* 144 Me. 245, 68 Atl. (2nd) 9.

When matters in controversy have once been inquired into and settled by a court of competent jurisdiction in law or equity, they cannot be again drawn in question in another suit between the same parties or their privies. *Fuller* v. *Eastman,* 81 Me. 284, 286; *Edwards* v. *Seal,* 125 Me. 38. A final decree in equity of "bill dismissed" may settle all the matters litigated in the proceedings below, and may include what might have been litigated. The matters are *res judicata* and the decree is a bar to any further action. Dismissal is distinguished from dismissed without prejudice. *Edwards* v. *Seal,* 125 Me. 38, 41, 17 Am. Jur. "Dismissal," 93, Sec. 71; Whitehouse Equity (1st Ed.), 382, Sec. 355 (Note), 27 C. J. S., 254, Sec. 73. The two leading and essential elements of the doctrine of *res judicata* are identity of parties and identity of the issues necessarily involved. *Morrison* v. *Clark,* 89 Me. 103; *Lander* v. *Arno,* 65 Me. 26.

The evidence introduced by the plaintiffs in this case, if fully believed, may have been sufficient to prove fraud and thus give the court authority to proceed in equity. The justice who heard the evidence, however, found that the proof was not adequate. The finding has the force of a jury verdict, in that it may not be disturbed unless clearly wrong. "When the testimony is conflicting, the judge has an opportunity to form an opinion of the credibility of witnesses, not afforded to the full court. Often there are things passing before the eye of a trial judge that are not capable of being preserved in the record. A witness may appear badly upon the stand and well in the record." *Young* v. *Witham,*

75 Me. 536; *Wilson* v. *Littlefield,* 119 Me. 143. When relief cannot be granted for lack of proof, and there may be remedy at law, the bill should be dismissed without prejudice. *York* v. *McCausland,* 130 Me. 245, 253.

We have examined the record with care, and we cannot say that the findings of the sitting justice are "clearly wrong." The bill was entertained below on condition that jurisdictional facts be proved to give authority for the court to exercise equitable relief. There was no "fiduciary relationship." This was a business transaction between business men, and however the record of the facts may appear to this court, we are bound by the findings unless they appear to be clearly wrong. In this case the findings of the court below indicate that although complainants did not offer sufficient proof to sustain the allegations of fraud to give equitable relief, the complainants may have an action at law for possible breach of contract. It is evident that the court below did not intend by its decree to bar a future action under the doctrine of *res judicata.* The decree of "dismissed without costs" may do so. It is therefore our opinion that the decree below should be modified by adding to the decree the words "and without prejudice" that the bill may be "dismissed without costs and without prejudice." *Gamage* v. *Harris,* 79 Me. 531.

*Case remanded for addition to decree of words "and without prejudice."*