SUSAN L. DOUGLASS, in equity, *vs.* JOHN M. SNOW and another.

Hancock. Opinion January 26, 1885.

*Equity. Stat. 1874, c. 175. Statute of frauds. Pleadings. Witness.*

Since stat. 1874, c. 175, went into effect, the Supreme Judicial Court has had jurisdiction as a court of equity to compel specific performance of parol agreements for the conveyance of land.

In a bill for specific performance of a parol agreement for the conveyance of land, if the defendant would rely on the statute of frauds at the hearing, he must raise the question by demurrer, plea, or answer.

To render a complainant incompetent as a witness for the reason that one of the defendants is an administrator of a deceased person's estate, the pleadings must show him to be such.

BILL IN EQUITY.

Heard on bill, answer and proofs.

*H. A. Tripp*, for the plaintiff, cited: 1 Story, Eq. Jur. § 755 and authorities cited, § 765 ; *Wilton* v. *Harwood*, 23 Maine, 133 ;

*Pulsifer* v. *Waterman,* 73 Maine, 244 ; *Brown* v. *Lord,* 19 Alb. Law J. 460 ; 16 Alb. Law J. 37 ; 17 Alb. Law J. 109 ; *Kurtz* v. *Hibner,* 8 Am. R. 665 (55 Ill. 514) ; *O'Brien* v. *Elliot,* 15 Maine, 127 ; *Buck* v. *Swazey,* 35 Maine, 53 ; *Gilmore* v. *Patterson,* 36 Maine, 549.

*A. P. Wiswell,* for the defendants.

The defendants rely upon R. S., c. 111, § 1, and upon the unbroken line of decisions in this State from *Stearns* v. *Hubbard,* 8 Maine, 320, to the present, excepting the dictum in *Pulsifer* v. *Waterman,* 73 Maine, 233. The court must overrule the very recent case of *Jellison* v. *Jordan,* 68 Maine, 373, before it can order specific performance of an oral contract to convey real estate. The testimony of the plaintiff was inadmissible, one of the defendants being an administrator. R. S., c. 82, § 98 ; *Trowbridge* v. *Holden,* 58 Maine, 117 ; *Burleigh* v. *White,* 64 Maine, 23 ; *Smith* v. *Smith,* 1 Allen, 231.

If it be said that this case does not come within the rule because Chase was not declared against as an administrator, then in a large number of cases the rule would be valueless and absurd. Every time an administrator is sued for holding personal property the plaintiff could in all cases let in his own testimony by not suing the administrator as such. Upon the question of resulting trusts, counsel cited : *Farnham* v. *Clements,* 51 Maine, 426 ; *Dudley* v. *Bachelder,* 53 Maine, 403 ; *Gerry* v. *Stimson,* 60 Maine, 189.

VIRGIN, J. The plaintiff seeks the specific performance of an alleged " verbal contract," whereby, as she avers, the defendant Snow agreed with her son and alleged agent to convey to her, by a good and sufficient deed, certain land known as the " red store," on payment of four hundred and twenty-five dollars ; and makes the defendant Chase a party to whom Snow subsequently conveyed the property.

The only partial performance which is alleged in the bill, is the payment of three hundred and fifty dollars of the purchase money. Such payment, as held by the more modern authorities, is not sufficient of itself as part performance, to take the case

out of the statute of frauds, for the money may be recovered at law. 4 Kent, 451; *Kidder* v. *Bar*, 35 N. H. 235; *Glass* v. *Hulbert*, 102 Mass. 23; *Purull* v. *Miner*, 4 Wall. 513; Wat. Sp. Per. § 268, and cases in note 4.

But the defendants have admitted the contract so far as its terms are concerned and have not raised the question of the statute of frauds by demurrer, plea or answer; and not having claimed the benefit of it they cannot now set it up. *Newton* v. *Swazey*, 8 N. H. 13; *Ridgeway* v. *Wharton*, 3 De G. M. and G. (Am. ed.) 677, and cases in note 2; 1 Dan. Chan. (5th ed.) 656, 657; Story's Eq. Pl. (8th ed.) 763; for having admitted an agreement valid at common law, and thereby avoided the mischief against which the statute was directed, no evidence of its terms is necessary. *Cozine* v. *Graham*, 2 Paige's Ch. 181; *Newton* v. *Swazey*, *supra;* and the court might decree performance, so far as Snow at least is concerned, provided the evidence reasonably satisfies us that the plaintiff was the real vendee.

It is objected that the plaintiff is not a competent witness. She is unless she comes within some of the exceptions to the provisions of R. S., c. 82, § 93. It is claimed that Chase is administrator of the estate of the plaintiff's son, who, it is claimed, is the equitable vendee of the premises. But the mere fact that he is such administrator is not sufficient. He must be a party in his official character and appear as such. He is not sued as such. He is joined in the bill simply as an individual to whom the premises were conveyed by the plaintiff's alleged equitable vendor. Neither by his answer does he appear in that capacity. His signature intimates no official character. If his allegations in the answer are true he holds the land in his individual and not his representative character. At most he is the trustee of the plaintiff's son so far as this case is concerned, holding the property by a resulting trust. Our opinion, therefore, is that she is a competent witness.

Her testimony is positive and direct; that she authorized her son to make the purchase for her and furnished the money for the two payments; that she furnished the money for the policy and subsequently assigned it; that on the death of her son in

October following, she appointed Limeburner as agent to pay the balance and take the deed. These facts are not disputed except by Snow's answer, but they are corroborated by the testimony of several witnesses, some of which squarely contradicts the allegations in the answer and tends to establish the fact that Snow understood her son to be the plaintiff's agent in making the uncontradicted agreement.

1. The policy of insurance on the store was issued to her, as is expressly testified to by the insurance agent, and was transferred by her to Snow within a few days thereafter. Unless she was understood by Snow to be the real purchaser, he was accepting the transfer of a policy issued to one known to him to have no insurable interest. If she was the real party to the agreement, she became the vendee immediately on its completion ; for " equity looking upon that as done which ought to be done," (Pom. Eq. Jur. § 363–4) the equitable title passed and she then might insure as well as convey it, § 368. He does not deny these facts, but does not produce the policy nor account for it (although shown to be in him), except by saying it is not in his possession and that he does not know where it is.

Limeburner who succeeded her son as agent is also dead. But Storer, a disinterested witness so far as this case discloses, testifies that he heard Snow say that the son had paid three hundred and fifty dollars for the plaintiff and that she was to have a deed when the balance was paid ; that Snow directed Limeburner to go to Tripp's office, and he (Snow) would go and get the mortgage discharged and " go in then and fix it up." Although afterward, in explaining why he did not come back, said he " did not know the plaintiff in the trade," which is inconsistent with the proved facts.

Snow does not absolutely deny these admissions either in his answer or testimony, only testifying that he " *thinks* he told Storer of the payments, but not that they were paid for the plaintiff." But he admits that Limeburner several times asked him for a deed, and he then, in addition to the balance of purchase money, demanded sixty-five dollars for goods alleged to have been sold to the son, but made no such claim to Chase, so far as the testimony shows.

2. The testimony of Tripp is also unqualified and directly in point: That Limeburner and Snow came together to his office in December and said that the plaintiff was to pay the seventy-five dollars; that Snow claimed interest for delay which Tripp computed, and produced his figures at the hearing; that Snow was to accept the balance and interest (seventy-nine dollars and thirty-seven cents), give the plaintiff a deed and authorized Tripp to make it, handing to him another containing the correct description of the premises; that Snow remained until the deed was completed and then went out with the avowed purpose of obtaining a discharge of the mortgage and then to return to execute the deed; but did not return. These facts are not denied in his testimony though some of them are, in his answer. So he denied any personal knowledge that the policy was issued to the plaintiff, although it was transferred by her to him and he does not show it out of his possession to our satisfaction.

Our opinion, therefore, is that the plaintiff's case is satisfactorily proved. *Neale* v. *Neales*, 9 Wall. 1, 12. We are satisfied that the son acted in behalf of his mother, and that Snow so understood it. Notice to Chase was not necessary. From his own standpoint he claims to hold all, except the amount he advanced from his individual funds, in trust for the son's estate, and shall turn it over to that estate when he sells the property and deducts the amount which he advanced.

The defendants' counsel challenge the power of the court to decree specific performance of agreements for the conveyance of land. But this cannot be seriously questioned, even if he had regularly insisted upon the benefit of the statute of frauds. St. 1874, c. 175; R. S., c. 77, § 6, cl. xi; *Wilton* v. *Harwood*, 23 Maine, 131; *Ash* v. *Hare*, 73 Maine, 401; *Pulsifer* v. *Waterman*, 73 Maine, 244–5. The incidental remarks found in the opinion in *Jellison* v. *Jordan*, 68 Maine, 373 (which was an action at law), could not have been intended to apply to equity.

Let a decree be drawn directing the defendant Chase to convey the premises to the plaintiff on payment of the balance of the purchase money (seventy-five dollars) with interest thereon until

payment, and payment to be made within thirty days after the announcement of this opinion on the county docket.

> *Bill sustained; but with costs against Snow only.*

PETERS, C. J., DANFORTH, FOSTER and HASKELL, JJ., concurred.

EMERY, J., did not sit.