## In Equity.

Lucy C. Farnsworth, Admx.,

*vs.*

George F. Whiting, Isabella A. Martin and David N. Mortland.

Same

*vs.*

George F. Whiting, Isabella A. Martin, David N. Mortland and

Security Trust Company.

Knox.     Opinion December 4, 1908.

*Bill in Equity. Demurrer. Amendments. Allegations. "Equitable Replevin."
·Jurisdiction. Bill for Restitution of Notes, Bonds, etc., Sustainable. Revised
Statutes, chapter 66, section 70; chapter 79, section 6, paragraph IX.*

1. A bill in equity for an injunction may be amended in matters of mere
form without an affidavit to the amendment. An amendment inserting
the words "and therefore alleges" after the words "is informed and
believes" in such a bill is allowable without affidavit.

2. A bill in equity for the purpose of "equitable replevin" of chattels need
not allege fraud and is not demurrable for want of allegation of facts con-
stituting fraud.

3. In a bill in equity for the restitution of chattels, the plaintiff's title is
sufficiently stated by an allegation that they belonged to the plaintiff and
that he is entitled to the possession of them.

4. The omission to specify in a bill in equity the particular time and place
where a demand was made and refused is not cause for general demurrer if
demurrable at all.

5. If the case stated in a bill in equity is one within the equitable jurisdic-
tion of the court whether by the general principles of equity jurisdiction
or by statute, there is no need to allege that there is no plain adequate
and complete remedy at law.

6. A bill in equity for restitution of promissory notes, bonds and stock cer-
tificates, and of a key to a safe deposit box, is sustainable upon general
principles of equity jurisdiction and also by statute, R. S., chapter 79,
section 6, paragraph IX.

7.  A bill in equity by an administrator to compel the delivery of chattels, notes, bonds, etc., belonging to the estate is not a bill for discovery and can be sustained without first citing the defendant for examination under R. S., chapter 66, section 70.

*Caleb* v. *Hearn*, 72 Maine, 231, distinguished.

In equity.  On report.  Demurrers overruled.  Defendants to answer.

Two bills in equity brought by the plaintiff, Lucy C. Farnsworth, in her capacity as administratrix, with the will annexed, of the estate of James R. Farnsworth, deceased testate.  In the first entitled cause the bill was brought to compel the defendants, George F. Whiting, Isabella A. Martin and David N. Mortland, to return to her as administratrix aforesaid certain notes, bonds, checks and stock certificates belonging to the said James R. Farnsworth and alleged to have been taken and carried away from his house by the defendants, George F. Whiting and Isabella A. Martin, and by them deposited with the defendant David N. Mortland.  In the second entitled cause the bill was brought to compel the defendants, George F. Whiting, Isabella A. Martin, David N. Mortland, and the Security Trust Company, to deliver to the plaintiff as administratrix aforesaid all the keys to a certain safe-deposit box rented by the said Security Trust Company to the said James R. Farnsworth and containing at the time of his death, certain bonds, certificates of stock and other valuable papers belonging to him, also to prevent the said Security Trust Company affording either of the other defendants access to the box, and also to compel the said Security Trust Company to afford the plaintiff access to the box.  A demurrer, general and special, was filed in each case.  After the filing of the demurrers, motions to amend the bills were filed.

When these causes came on to be heard on bills and demurrers, it was agreed that each case should be reported to the Law Court "upon bill and demurrer, together with the complainant's motion to amend," and with the following stipulation in each case:  "If, in the opinion of the Law Court, as matter of law, the amendments are not allowable, the court is to decide the demurrer on the bill as it stands; but if allowable, the bill is to be taken as amended; and the demurrer is to be decided as if filed to the amended bill."

The cases are stated in the opinion.

*Orville Dewey Baker,* for plaintiff.

*David N. Mortland, and Rodney I. Thompson,* for defendants Whiting and Mortland.

*Arthur S. Littlefield,* for defendant Security Trust Company.

SITTING:  EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

EMERY, C. J.  Ignoring for the present whether it has been told in sufficient legal phraseology or with sufficient directness and completeness of statement, the story the plaintiff tells in these two bills in equity is substantially as follows :

Helen A. Farnsworth of Rockland died May 5, 1905, intestate and without issue, but leaving as heirs her husband James R. Farnsworth, a brother Mr. Whiting, and a sister Mrs. Martin, the last two residing then and now out of the State.  David N. Mortland of Rockland was duly appointed administrator of the estate.

James R. Farnsworth, the husband, died testate a few days later. His will was duly probated and the plaintiff Lucy C. Farnsworth duly appointed admx. c. t. a. in January, 1907.  For some years prior to his death, James R. Farnsworth rented a safe-deposit box of the Security Trust Company in Rockland, receiving the keys thereto. By the terms of the contract with the Security Trust Company the box was not to be opened by any one except Farnsworth himself, his legal representative in case of his death or a person having written authority therefor from him or his legal representative. Since his death the box has been retained and the rent therefor paid by his legal representative, now the plaintiff.  At the time of his death the box contained bonds, certificates of stocks, and other papers of value belonging to him, and also two certificates of stock issued to his wife Helen.  Also at the time of his death Farnsworth owned and had in his immediate possession, outside of the safe deposit box, certain promissory notes, checks, bonds and certificate of stock.

At the time of the death of James R. Farnsworth and for some days before and after his death, Whiting and Martin, heirs of his wife, were in his house and chamber, and obtained possession of the last named papers, and also of the keys to the Farnsworth safe deposit box rented from the Security Trust Co., and deposited them with Mr. Mortland the administrator upon the estate of their sister Helen, the wife of James. Mr. Mortland now holds them and refuses to deliver them to the plaintiff, the admx. c. t. a. on estate of James. The Trust Company also refuses to afford her access to the box and is contemplating affording Whiting and Martin access to the box upon receiving satisfactory idemnity from them.

The plaintiff, as admx. c. t. a. of James R. Farnsworth, has now brought one bill in equity against Whiting, Martin and Mortland to compel them to return to her, as such admx., the notes, bonds, checks and stock certificates they obtained possession of as above stated. In the bill a list of such papers is set forth. The plaintiff in the same capacity has also brought another bill in equity against the same three defendants and also against the Security Trust Company, to compel a return to her of the keys of the safe-deposit box above described, to prevent the Security Trust Company affording either of the other defendants access to the box, and to compel the company to afford her access.

A demurrer, special and general, was filed to each of these bills and both cases were then reported to the Law Court for consideration of the demurrers.

1. In several paragraphs of each bill the allegation is merely that "the plaintiff is informed and believes" the matters set forth in the paragraphs, without any averment of them. This is urged by the defendant as special cause for demurrer. After the demurrers were filed the plaintiff asked leave to amend each bill by inserting in the faulty paragraphs the words "and therefore avers" after the words "The plaintiff is informed and believes." The proposed amendments were also reported to the Law Court with the stipulation that if they are allowable, the bill shall be taken as thus amended.

The defendants contend that the amendments are not now allowable because not sworn to, the bills being for injunction, etc., and required to be on oath. If the proposed amendments contained any statement of additional facts, or even varied any statement of matters of fact contained in the bill, the objection might be valid. In these cases, however, the proposed amendments are purely in matters of form. No statement of fact is added; none is varied. It is only the manner of stating them that is varied. The proposed amendments are therefore allowable and are allowed and the bills taken as amended accordingly. *Livingston* v. *Marshall*, (Ga) 11 S. E. Rep. 542.

2. The defendants further urge as cause of demurrer, that fraud is not sufficiently alleged, that no facts are stated which would constitute fraud. Neither bill, however, purports to charge fraud upon the part of any defendant. They set forth simply that the defendants obtained possession of the securities and keys. There is no allegation that they did so through deception or other fraud. The bills are not based on fraud, and hence lack of sufficient allegation of fraud is not cause for demurrer.

3. The defendants further insist that the bills do not set forth facts showing the plaintiff to have a clear title to the securities, etc., sought to be recovered. It is distinctly alleged in the bills that the securities belonged to James R. Farnsworth at the time of his death and that as admx. c. t. a. she has the title to them, and is entitled to possession of them for the purposes of the administration of her trust as such. The allegation of title seems to be direct and explicit. The plaintiff was not obliged to set forth how Farnsworth acquired his title.

4. The defendants again urge that the allegations of the demands made on them for the delivery of the securities and keys and for access to the box, and of the refusals to comply with the demands, do not set forth the particular times and places when and where the demands were made and refused. This however at the most can be reached by special demurrer only, and no such cause was stated in the demurrers filed.

5. Another cause for demurrer alleged is that several paragraphs in the bills "are so vague, indefinite, ambiguous and uncertain that the defendants cannot ascertain the meaning thereof nor obtain sufficient information therefrom as to the cause which they are required to answer." None of the paragraphs seem to us open to that objection, even if such objection could be made by demurrer instead of exceptions to the bills. What is meant to be charged, and the necessary information for an answer, is ascertainable out of every paragraph, though perhaps not stated as clearly as desirable.

6. The defendants also contend as cause for demurrer, that the bills do not contain statements of facts showing that the plaintiff has not a plain complete and adequate remedy at law, and further, generally, that she has not in either bill stated a case entitling her to any relief in equity. This objection raises the main question in the cases, the question whether the bills state cases within our equity jurisdiction. We think they do.

As to the keys to the safe-deposit box in the vaults of the Security Trust Co., it is clear that no suit at law would be effectual. The keys cannot be got at to be replevied, and an action of trover for their value would manifestly be inadequate. Even though she could procure duplicate keys at small cost, it would be detrimental to her to have the present keys outstanding; and the payment of the judgment for their value would vest the title to them in the defendants. She is entitled and needs to have, not some keys to the box, but the identical keys withheld by the defendants. If there could be any doubt that these bills are sustainable as to the keys upon the general principles of equity jurisdiction, there should be no doubt that they are authorized by the statute. R. S.; ch. 79, section 6, par. IX, which authorizes suits in equity for the redelivery of property so withheld that it cannot come at to be replevied.

As to the bonds, notes, and stock certificates, it was held in *Gibbons* v. *Peeler*, 8 Pick. 253, and *Mills* v. *Gore*, 20 Pick. 28, that notes and other securities for debts were goods and chattels within the true meaning of the statute authorizing suits in equity to compel delivery when so situated they could not be replevied.

In *Clapp* v. *Shephard*, 23 Pick. 228, a suit in equity was upheld to compel the delivery of a promissory note.

Further, it seems that suits to compel the surrender of promissory notes, bonds and other negotiable instruments are within the general principles of equity jurisdiction without regard to the statute. In Story's Equity Jurisprudence Vol. 2, sec. 703, 7th Ed. it is said that courts of equity under a very ancient "head of equity jurisdiction" will render remedial justice by decreeing the delivery of deeds and other writings to those entitled to them. In the same section the learned author says: "The same doctrine applies to other instruments and securities such as bonds, negotiable and other evidences of property." *Scarborough* v. *Ocolten*, 69 Md. 137, was a suit in equity to compel the delivery up of some promissory notes and bills. It was urged as cause for demurrer that an action of trover for their value would afford adequate remedy. The court however sustained the suit.

Promissory notes, bonds, stock certificates, etc., have no intrinsic value; they are only evidences of debts due the owners, or of the owner's share in corporations. The value of those debts and shares depends upon the financial condition and prospects of the persons or corporations issuing them. It manifestly would be very difficult, if not impracticable, to go into all these matters in an action of trover. Again, the owner should not be obliged to sell them at such time as the defendant in trover has elected, and at such price as a jury may fix. He is entitled to the securities themselves to hold, or sell as and when he may be advised. The owner of physical chattels is not obliged to resort to an action of trover. He is allowed to replevy them if they can be got at to be replevied. If so withheld by the defendant that they cannot be replevied, then by express statute a suit in equity may be maintained to compel their re-delivery. The right to a jury trial, if any, can be exercised in a suit in equity as well as in a suit at law. The reasoning applies with still greater force to bonds, stock certificates, etc.

7. The defendants further contend that the plaintiff should first have exhausted all other remedies unavailingly, before resorting to remedies in equity. This rule does not apply where the court has

full equity jurisdiction or special statutory jurisdiction covering the case. As already stated, the court's present jurisdiction in equity covers these cases, and hence the remedy in equity can be resorted to at once on the occurrence of the wrong.

8. The defendants still further contend that as the plaintiff sues as administratrix, and the suit concerns personal property of the estate, she should first have cited the defendants into the Probate Court for examination under R. S., ch. 66, sec. 70. The bills in these cases, however, are not for discovery. They are simply suits "of equitable replevin," suits to get back certain specified articles of personal property which are so withheld they cannot be replevied by an action at law. The cases *Fletcher* v. *Holmes*, 40 Maine, 364, and *Caswell* v. *Caswell*, 28 Maine, 232, cited by defendants were decided before the court was vested with the general and special equity jurisdiction invoked in these cases. In *Caleb* v. *Hearn*, 72 Maine, 231, the suit was to recover money damages only, for which of course an action at law was a remedy plain, adequate and complete. In *Dunbar* v. *Dunbar*, 80 Maine, 152, the question did not arise.

> *The demurrers to each bill overruled.*
> *Defendants to answer.*