WILBUR F. LAKIN AND GEORGE F. GOULD, in Equity,

*vs.*

THE CHARTERED COMPANY OF LOWER CALIFORNIA.

Cumberland.    Opinion May 5, 1914.

*Amendment.    Bonds.    Creditors' Bill.    Demurrer.    Exceptions.    Injunction. Jurisdiction.    Revised Statutes, Chapter 79, Section 6, Par. 9.    Stock.*

1.  In equity proceedings, the court has ample power to allow proper amendments at any time, but it has also as ample power to refuse them at any time.    The whole matter of amendments is within the discretion of the court.    This discretionary power is not open to exceptions.

2.  The jurisdiction of the court must be decided upon the allegations found in the original bill.

3.  The creditor's right to relief in such case depends upon the fact of his having exhausted his legal remedies, without being able to obtain satisfaction, and the only evidence of this is the actual return of an execution unsatisfied.

4.  The creditor must obtain judgment, issue an execution and procure a return of nulla bona before he can file a bill in equity to obtain satisfaction out of the property of the debtor which cannot be reached at law.

5.  A court of equity will not assume jurisdiction merely because the property, being beyond the territorial jurisdiction, a court of law cannot entertain an action in respect of it.

On exceptions by plaintiff.   Exceptions overruled.

This is a creditor's bill in equity in which the plaintiffs seek to reach and apply, in payment of debts, brought under the provisions of Revised Statutes, chapter 79, section 6, paragraph 9.   On May 16, 1912, plaintiffs filed a motion to amend the bill and the sitting Justice denied the same.   October 22, 1912, the plaintiffs filed a motion to amend the amendment, and upon hearing, the motion was denied.   The defendant demurred to the bill and the sitting Justice sustained the demurrer and dismissed the bill with costs. To these rulings, the plaintiffs excepted and their exceptions were duly allowed.

The case is stated in the opinion.

*George F. Gould, Francis Hurtubis, Jr., Whipple, Sears & Ogden, and Edwin C. Gilman,* for plaintiffs.

*John W. McAnarny, and Verrill, Hale & Booth,* for defendant.

*John F. A. Merrill,* for Reed, pet'r.

SITTING:  SAVAGE, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

SPEAR, J.   This case comes up on exceptions to the ruling of the sitting Justice sustaining a demurrer to the plaintiffs' bill, and denying an amendment offered by them.   The plaintiffs claim that "this is a creditors' bill, to reach and apply, in payment of debts, property of the defendant," brought under the last part of paragraph 9, section 6, R. S., chapter 79, which reads: "The Supreme Judicial Court has equity jurisdiction in suits  .  .  .  by creditors to reach and apply in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor, or debtors, which cannot be come at to be attached on writ, or taken on execution in a suit at law."   The defendant, in its brief, also concedes that the proceeding "appears to be purely a creditors' bill in which the plain-

tiffs rely on one or both of two grounds, namely, either on the ground that they have no plain, adequate and complete remedy at law and are, therefore, entitled to relief in equity, or on the ground that the case comes within the provisions of Revised Statutes, chapter 79, section 6, clause IX." The bill alleges the defendant company to be a Maine corporation and having its principal place of business at Portland, Maine; the purpose for which it was organized; and in pursuit of that purpose the acquisition of a large tract of land in the territory of Lower California in the Republic of Mexico; that Lakin, one of the complainants, was the owner of a large block of bonds of the defendant company of the par value of one million dollars, and of shares of its capital stock to the value of $7,700,000; that he loaned his stock and bonds to the defendant to be used by it as collateral security for raising money; that the bonds and stock were used as collateral to secure the payment of notes of the company for $200,000; that it was agreed, if the stock and bonds were used as collateral, the defendant company would stand indebted, and would repay the complainant the amount of collateral applied to the payment of the loan, and return the balance; that the value of the collateral used should be taken at is par value and notes immediately issued therefor by the defendant to the plaintiff; that all the bonds and shares of stock so loaned were used in payment of the loan of $200,000; that the defendant stands indebted to the complainant for the par value of all the bonds and all the shares of capital stock loaned; that the plaintiff demanded of defendant promissory notes for the amount due him in accordance with their mutual agreement; that the defendant has declined and refused to issue the notes; that Lakin is a creditor of defendant corporation. George F. Gould, the other complainant, alleges that the defendant company owes him $1,516.90 for services and that he is a creditor of the defendant company.

It is then further alleged that the defendant corporation has no property of any name, kind or description "in this state which can be come at to be attached on a writ, or taken upon execution in a suit at law, and not exempt from attachment or seizure; but is the owner of the real estate described in paragraph 2 and that this real estate ought to be taken and applied in equity to satisfy

the complainants several claims.  This is the same real estate above referred to as situated in Lower California.  The bill applies for a subpoena; for a restraining order pending these proceedings enjoining the defendants from alienating the property; and that a receiver may be appointed to sell or otherwise dispose of the whole or enough of the property, as the court may direct, for the payment of the plaintiffs' claim.  Upon the prayer for temporary injunction the court issued a restraining order, and set the case for hearing on the prayer for injunction, on the 13th day of April, 1912.  No hearing seems to have been held upon the question of injunction, the matter having been continued from time to time until superseded by a hearing upon the demurrer and motion to amend.  It appears by the docket entry that a motion to amend the bill was filed June 4, 1912.  The amendment consisted of a new paragraph alleging material facts as the basis for a decree for injunction, but was not verified by oath.  This amendment was granted July 25th. July 31st a demurrer was filed.  On July 2nd, 1913, upon hearing the demurrer was sustained.  October 6th a draft of final decree was filed.  October 22nd a motion was filed to amend the amendment, already allowed as paragraph 8.  This amendment amended paragraph 8 by inserting new material matter, and then repeating the whole paragraph as amended.  This paragraph, as amended, was verified by the oath of George F. Gould, for himself and for the plaintiff, Wilbur F. Lakin.  A hearing was had upon this motion to amend and the amendment denied by the sitting Justice.  The demurrer was sustained and the bill dismissed with costs.  It is apparent that section 8, the amendment allowed, is not well pleaded since it contains allegations of material fact and is not sworn to. *Farnsworth* v. *Whiting,* 104 Maine, 488.  It becomes important, therefore, to determine whether the last amendment, which contained new material matter for injunction and was verified by oath, should have been allowed.  We are of the opinion that this question is not now open.  The granting or denying the amendment was within the discretion of the sitting Justice.  R. S., chapter 79, section 12 touching the question of amendment provides:  "The bill of complaint, etc., may be amended or reformed at the discretion of the court."  In *Shaw* v. *Slate Company,* 96 Maine, the power of

the court over amendments is thus stated: "In equity proceedings the court has ample power to allow proper amendments at any time, but it has also as ample power to refuse them at any time. The whole matter of amendments is within the discretion of the court." The refusal of the amendment on the part of the sitting Justice was an exercise of discretionary power. But the exercise of discretionary power is not open to exception. This rule is too well established to require citation. It, therefore, follows, the last amendment having been denied, that section 8, the amendment allowed, having introduced new material matter, as the basis for injunction without verification, adds nothing to the allegations in the original bill by way of bringing the case within the equity jurisdiction of the court.

The jurisdiction of the court must, therefore, be decided upon the allegations found in the original bill. This brings us back to the original inquiry, has the court jurisdiction (1) by reason of its general equity powers; (2) by reason of authority conferred by the paragraph of the statute already cited. Under the first inquiry, it may be said, that equity is not a primary process for the collection of debts. Yet, the original bill clearly recites a proceeding for that purpose. But in order to do this, under general equity powers, it is necessary to observe certain essential preliminaries, precedent to bringing the bill. These preliminaries are wanting in the bill before us, as will appear by a reference to *Baxter* v. *Morse,* 77 Maine, 465, involving "a creditors bill to collect certain debts" as stated by the court. The opinion says: "The first objection urged by the respondents against the bill is a want of jurisdiction in the court to act because the bill contains no allegation that an execution was taken out upon a judgment and nulla bona returned thereon. This defense must prevail for the reason stated by Shepley, J., in *Webster* v. *Clark,* 25 Maine, 313, who says: "The courts of equity are not tribunals for the collection of debts." It is further said: "The creditor's right to relief in each case depends upon the fact of his having exhausted his legal remedies without being able to obtain satisfaction. The best and the only evidence of this is the atcual return of an execution unsatisfied. The creditor must obtain judgment, issue an execution and procure a return of nulla bona, before

he can file a bill in equity to obtain satisfaction out of the property of the debtor which cannot be reached at law." In *Pride in Equity* v. *Pride Lumber Company,* 109 Maine, 452, it is said that it is not the province of equity to collect debts. It is unnecessary to cite further authorities to show that this case does not fall within the general equity powers of the court. We are not sure the plaintiffs contend that it does; but this question is discussed by defendants and we thus briefly allude to it.

The plaintiffs do assert, however, that the case falls within the equity powers of the court under the last part of paragraph 9, section 6, R. S., chapter 79, above cited. They do not pretend to bring their bill under the very last clause of this paragraph which provides that a bill may be maintained to reach "any property or interest conveyed in fraud of creditors," but seek to reach property "which cannot be come at to be attached on writ, or taken on execution in a suit at law." It is undoubtedly well established, that if a creditor brings himself within the perview of this statute, he can maintain a bill in equity, without having first reduced his claim to a judgment and alleging the issue of an execution and a return of nulla bona. *Brown* v. *Kimball,* 84 Maine, 495; *Annis* v. *Butterfield,* 99 Maine, 189; *Sneiders* v. *Smith,* 185 Mass., 62; *Donnell* v. *Railroad Company,* 73 Maine, 567. In the last case, referring to the statute now under consideration, the court say: "The intent of the statute, therefore, is to enable a single creditor alone, without first fruitlessly exhausting all legal remedies or reducing his claim to judgment, by this one proceeding in the nature of an equitable trustee process, to establish the validity and amount of his claim against his debtor and compel the appropriation of the debtors property, of whatever kind, provided it be not exempt or within the reach of legal process, in the hands of some third person, to the payment of his debt."

The demurrer admits all allegations well pleaded. The test question accordingly is, does the bill contain proper allegations to bring the case within the equity jurisdiction of this statute? We think not. It is apparent without further analysis that the bill contians no allegation that brings the case within the statute, except that the property sought to be reached is situated in a foreign country, beyond the jurisdiction of the court. It nowhere alleges that this

property cannot be attached and appropriated in a suit at law insti-
tuted in the jurisdiction in which it is situated. But the fact that
the land sought to be reached is located in a foreign jurisdiction is
not sufficient. It is incumbent upon the plaintiff to allege the same
jurisdictional facts to give equity jurisdiction, in a proceeding
involving a decree affecting the control or appropriation of land in
a foreign country or another state, as would be required if the land
was situated within the jurisdiction of the court. In *Proctor* v.
*Proctor,* L. R. A., Book 69, 673, note, page 675, the principle is
stated in this way: "It follows that a court of equity of one state
or country will not assume jurisdiction of a suit that in its essence
involves merely the title or possession of land in another, and pre-
sents no ground of equitable intervention. In other words, if the
action is one which, if it related to real property within the terri-
torial jurisdiction, would be at law, and not in equity, a court of
equity will not assume jurisdiction merely because, the property
being beyond the territorial jurisdiction, a court of law cannot
entertain an action in respect of it." There could be no question
were the real estate of this corporation situated in the State of
Maine that the plaintiffs could reach it in an action at law. The
allegations in the plaintiffs' bill clearly show, that they have have a
claim against the defendant, upon which they have a clear remedy at
law, and right of attachment upon any of its real estate, were it
located within the State of Maine. While the bill is silent upon the
right of the defendant to bring an action at law in the Republic of
Mexico and make an attachment of real estate there situate, yet in
the absence of a negation in the bill of such right, we think the
presumption is that such remedy exists. In other words, if the
plaintiffs seek in their bill to take advantage of the absence of such
remedy, it is incumbent upon them to allege it. Accordingly, it is
the opinion of the court that the plaintiffs' bill fails to contain the
necessary allegations to give the court jurisdiction. This conclu-
sion makes it unnecessary to discuss the other questions raised by
the defendant. It is not our purpose, however, to determine or inti-
mate that a bill, containing power allegations, cannot be sustained
in personam, and a decree issued against the persons within its
jurisdiction, relating to real estate without its jurisdiction.

*Exceptions overruled.*