JOSEPH E. HALL, JR., In Equity *vs.* WILLARD P. HAMILTON et al.

Aroostook.    Opinion July 7, 1923.

*A tax assessed upon land owned by another at the time of enforcement is, prima facie, a primary obligation upon the land, but the person against whom the tax is assessed may become primarily liable by covenant for title or special covenant to pay the tax, but such obligation is contractual and such person is not subject to arrest on an assigned capias execution to reimburse a subsequent owner of the property for the payment of the tax to relieve it of the lien.    An injunction will not issue against such owner of the land holding such assignment of the execution in absence of evidence or admission of threats or intent to employ it illegally.*

When a tax is assessed against a person upon land which at the time of enforcement of tax is owned by another, the primary obligation is prima facie upon the land.    The person taxed, however, may become primarily liable by covenant for title or special covenant to pay the tax.

Even in cases where the individual taxed is primarily liable his obligation is contractual, and the land owner paying the tax to save his property from the tax lien, cannot take from the tax collector an assignment of the capias execution and enforce his right to reimbursement by arrest.

But though the land owner has taken such assignment of the execution it cannot be assumed that he intends to use it illegally.    In the absence of evidence or admission of threats or intent to so employ it, an injunction will not issue.

On appeal.    A bill in equity praying that an injunction issue restraining defendants from arresting plaintiff, a judgment debtor, against whom a tax on land had been assessed, upon which tax the judgment in question was founded, which judgment had been assigned by the tax collector to the defendants, who, subsequently to the assessment of the tax, had acquired title to the land on which the tax was assessed and had to pay a balance of the tax to save the property from a tax lien.    On February 21, 1922, a hearing was had upon bill, answer, replication and proof, and the sitting Justice made a decree dismissing the bill, and plaintiff took an appeal.    Appeal dismissed.

The case is stated in the opinion.

*Joseph E. Hall*, for complainant.

*Willard P. Hamilton*, for respondents.

Sitting: Cornish, C. J., Spear, Hanson, Dunn, Deasy, JJ.

Deasy, J.   The record in this case consists of the bill in equity, answer, replication, decree dismissing bill and plaintiff's appeal.

No evidence is brought forward.   It does not appear that any evidence was adduced before the single Justice who heard the case.

A cause in equity may be set down for hearing on bill and demurrer, or bill and answer.   In the former case the bill is taken as true; in the latter the answer is taken as true.   R. S., Chap. 82, Sec. 19. S. J. C., Rule 22.   Whitehouse Equity, Vol. 1, Sec. 281.   *Dascomb* v. *Marston*, 80 Maine, 230.

But in a case like this where the hearing is upon bill, answer and replication without evidence, a situation not provided for by statute or court rule, the only allegations that can be accepted as true are those concerning which the bill and answer are in accord.

Only the first two paragraphs of the bill present agreed facts and obviously such facts do not warrant equitable interference.

From the first paragraph it appears that the defendants have an assignment of an execution running against the body of the plaintiff and that such execution, based upon a judgment in a lien suit for a real estate tax assessed to the plaintiff, runs also against the defendants' land.   The assignment is from the tax collector.   The second paragraph sets forth no significant facts.

Reading the bill further we find an allegation that the defendants have threatened to arrest the plaintiff upon the execution.   This he seeks to have restrained by injunction.

But the making of such threat is denied and there is no evidence and no admission in the case that the defendants have threatened to or intend to make such use of the execution.

It does not appear that the plaintiff is under any obligation to the defendants in respect to the tax; nor is the contrary shown.   When land is taxed to a person the primary obligation is prima facie upon the land.   Gray, C. J. in *Swan* v. *Emerson*, 129 Mass., 291.   The plaintiff in this case may have assumed primary liability by covenants for title or a special covenant to pay the tax.   If so, his liability is contractual and not to be enforced by arrest.

The execution in favor of the tax collector properly runs against the body of the person taxed.   A tax is not a contract.   *Augusta* v. *North*, 57 Maine, 395.

But the defendants claim against the plaintiff is not a tax. It is a claim for reimbursement of the amount of a tax paid. If the plaintiff has covenanted to pay such tax his covenant can be enforced. There is, however, no warrant for using the collector's capias to enforce a contractual obligation to make reimbursement.

But an injunction is not to be had for the asking. He who seeks this process should prove clearly that he is entitled to it. It "should be applied with the utmost caution." *Morse* v. *Water Power Co.,* 42 Maine, 119. "It should be exercised with the greatest discretion and when necessity requires it." *Attorney General* v. *Ins. Co.,* 2 Johns Ch. 378; 16 A. & E. Encyclopedia, 347.

It cannot be assumed that the defendants have threatened or intend to make an unwarranted and illegal use of the execution. In the absence of evidence that any violation of the plaintiff's rights have been threatened, for which the law affords no adequate remedy, the injunction must be denied.

*Appeal dismissed.*