CLEVELAND LOVEJOY, ET AL. IN EQUITY
*vs.*
RALPH J. COULOMBE, ET AL.

Oxford.   March 22, 1957.

*Robert T. Smith*, for plaintiffs.

*Gerry Brooks*, for defendants.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

DUBORD, J.  This is a bill in equity seeking specific performance of a contract to convey real estate.

The case is before the court on exceptions of the defendants, and on appeal by the defendants after a decision of the presiding justice in favor of the plaintiffs.

The manner in which the exceptions and the appeal are presented to this court leaves must to be desired.

The bill of exceptions sets forth five alleged causes of error. No portion of the record nor the evidence were made a part of the bill of exceptions.

The record indicates that a demurrer to the original bill was sustained for the alleged failure on the part of the plaintiffs to allege a specific date when the contract of purchase was entered into. Plaintiffs then filed a motion to amend their bill. No objection was made by the defendants to the motion, which was allowed by the presiding justice. A new demurrer was filed to the amendment presented by the plaintiffs. The record indicates that the second demurrer was not certified by counsel to be in good faith, and in accordance with Equity Rule 15, the demurrer should not have been filed.

An examination of the amended bill shows sufficiency of allegations. The second demurrer was properly overruled by the presiding justice. The defendants take nothing by this exception.

The record indicates that defendants filed an answer to the amended bill on March 14, 1956, and the plaintiffs' replication was filed on March 19, 1956. Hearing was held on March 23, 1956.

Prior to the hearing, counsel for the defendants presented a motion to the sitting justice that the cause be heard only upon bill and answer, the answer to be taken as true.

"After answer filed in an equity cause, the orator may elect to set the cause for hearing upon bill and answer, or traverse the truth of the answer by replication, thereby raising an issue of fact to be settled by evidence. If the cause be set for hearing upon bill and answer, the facts stated in the answer are to be taken as true, because the orator elects to so treat them, precisely as a plaintiff in an action of law, by demurrer to a defendant's plea, admits all the facts stated in it that are well pleaded." *Dascomb* v. *Marston,* 80 Me. 230; *Hall*

v. *Hamilton*, 123 Me. 80; Section 389, Whitehouse Equity Pleading & Practice.

The motion of counsel for the defendants was based on Equity Rule 22, and Section 17, Chapter 107, R. S. 1954, both of which provide as follows:

"When a replication is filed to a plea or answer the court upon motion of either party may set the cause for hearing upon bill, plea or answer, and evidence, but such hearing shall not be held until after thirty days from the filing of the replication unless by consent or special order of Court."

The motion was denied and exceptions taken by the defendants to the ruling.

While it is true that Equity Rule 22, and Section 17, Chapter 107, R. S. 1954 do not specify the nature of the consent required by its provisions, the record clearly shows that counsel for the plaintiffs and the defendants had arrived at a definite oral agreement that the cause would be heard on the date assigned for a hearing. The sitting justice found as a fact that the parties had made a mutual agreement to that effect. Moreover, in defendants' bill of exceptions, counsel sets forth that an oral agreement had been made by counsel, in the presence of the court, that the cause be assigned for a hearing on March 23, 1956. Defendants' exceptions now come with ill grace. The motion was properly denied and defendants take nothing by this exception.

The other three alleged errors are applicable to matters of fact and are not open to consideration upon exceptions. Section 26, Chapter 107, R. S. 1954, *Emery* v. *Bradley*, 88 Me. 357, 34 A. 167; *American Oil Company* v. *Carlisle*, 144 Me. 1, 63 A. (2nd) 676.

The final decree of the sitting justice was filed on June 15, 1956, and notice given on the same date. The docket

indicates that defendants noted an appeal as of June 25, 1956.

Under the provisions of Section 21, Chapter 107, R. S. 1954, an appeal shall be claimed by an entry on the docket of the court from which the appeal is taken, within ten days after such decree is signed, entered and filed, and notice thereof has been given by such clerk to the parties or their counsel.

While it would seem that all an appellant needs to do in order to claim his appeal is to have an entry made on the docket within the specified time, better practice indicates the advisability of filing with the clerk a written statement of appeal.

> "In addition to the entry on the docket, the practice is recommended of filing with the clerk a written statement giving the title of the cause, the nature of the same, the fact that a decree has been rendered therein in favor of plaintiff or defendant and that such plaintiff or defendant appeals therefrom, signed by the counsel for the party appealing as in the case of exceptions. This fully protects the clerk by providing him with conclusive proof of the fact of such appeal by the signature of counsel and should be required by him for that reason as in the case of appearance instead of relying upon an oral request of counsel to make the entry on the docket." Whitehouse Equity Jurisdiction Pleading & Practice, Section 620.

The appeal albeit not perfected in the best approved manner, is properly before us. We, therefore, give it consideration in accordance with the well determined procedure that in an appeal in equity, the cause is heard *de novo* on the entire record.

> "Appeals in Equity matters are heard anew upon the record." *Trask* v. *Chase,* 107 Me. 137, 77 A. 698; *Pride* v. *Pride Lumber Company,* 109 Me. 452; 84 A. 989; *Sears Roebuck & Company* v. *Portland,* 144 Me. 250, 68 A. (2nd) 12.

"Ordinarily, an appeal vacates the judgment below and the case when heard on appeal is heard de novo and judgment is entered upon the new decision." *Sears Roebuck & Co.* v. *Portland, supra.*

"Upon the whole case the court is required to 'affirm, reverse or modify the decree of the court below or remand the cause for further proceedings, as it deems proper.'" *Trask* v. *Chase, supra; Pride* v. *Pride Lumber Company, supra; Sears Roebuck & Co.* v. *Portland, supra.*

"All questions presented by the record are open for consideration on appeal and such decree is to be directed as the whole case requires." *Doyle* v. *Williams,* 137 Me. 53; 15 A. (2nd) 65.

"All issues raised by the record are open for consideration and determination anew by the law court on appeal. Such is the effect of Section 21, Chapter 107, R. S. 1954, which provides in part that in an appeal from a final decree in equity the law court shall 'affirm, reverse, or modify the decree of the court below, or remand the cause for further proceedings, as it deems proper.'" *Woodsum* v. *Portland, R. R.,* 144 Me. 74; 65 A. (2nd) 17.

"The law court is not limited to a consideration of errors in the decree claimed by the parties filing the appeal but may consider issues raised by any party." *Woodsum* v. *Portland R. R., supra.*

"Findings of the sitting justice are to stand unless shown to be clearly erroneous." *Trask* v. *Chase, supra; Wolf* v. *W. S. Jordan, Co.,* 146 Me. 374, 82 A. (2nd) 93.

"It is well settled that the decree of a single justice upon matters of fact in an equity hearing will not be reversed unless it clearly appears that the decree is erroneous." *Eastman* v. *Eastman,* 117 Me. 276; 104 A. 1.

"In case of an appeal in equity proceedings, the burden is upon the appellant. He must show the decree appealed from to be clearly wrong, other-

wise it will be affirmed." *Wilson* v. *Littlefield,* 119 Me. 143, 109 A. 394; *Levesque* v. *Pelletier,* 144 Me. 245, 68 A. (2nd) 9. *Tarbell* v. *Cook,* 145 Me. 339; 75 A. (2nd) 800.

The original bill, sets forth an agreement for the sale by defendants and the purchase thereof by the plaintiffs of certain real estate situated partly in the Town of Bethel and partly in the Township of Mason, in Oxford County, for the agreed price of $3,000.00. The date of the agreement was alleged as "on or about the fifteenth day of April 1955," and the bill further alleges that the defendants executed and signed a memorandum in writing. No copy of the memorandum was included in the bill either by way of allegation or exhibit. Plaintiffs further alleged that pursuant to the agreement, they entered into possession of the premises and made valuable and substantial improvements, in reliance on defendants' agreement. Plaintiffs further alleged that the agreement was understood by all parties to be conditioned upon the negotiation of a loan on the part of the plaintiffs with the Veterans Administration of the United States of America. Plaintiffs alleged ability and readiness to perform the agreement, together with a demand for performance on the part of the defendants, and failure to perform on the part of the defendants. Plaintiffs further alleged that defendants served upon them a notice to quit the premises and further evinced an intention to bring an action of forcible entry and detainer to dispossess the plaintiffs.

Plaintiffs prayed for specific performance of the agreement and for an injunction to restrain the defendants from instituting an action of forcible entry and detainer and from otherwise interfering with plaintiffs' possession.

The bill required an answer under oath.

Plaintiffs' application for a temporary injunction was granted.

Plaintiffs' bill was verified in accordance with the provisions of Equity Rule 5.

To the original bill, defendants filed a special demurrer inserted in an answer.

In their answer defendants admitted plaintiffs' allegations concerning the agreement of purchase and sale, but set up as an affirmative defense a contention that they were prevented from conveying the real estate to the plaintiffs by reason of an attachment, which was placed on their property by one Joseph O'Brien; and that a new agreement was entered into between the defendants and the plaintiffs whereby the plaintiffs were to pay rent at the rate of $25.00 per month until the pending action brought against them by O'Brien had been settled or otherwise disposed of, and the attachment dissolved. Defendants further set up in their answer that the plaintiffs breached the entire agreement by their failure to pay the agreed rent.

The defendants' demurrer was sustained for failure to state a specific date.

Plaintiffs then filed a motion to amend their bill with the allegation of a definite date and by inserting a new paragraph to the effect that plaintiffs did not have a plain, adequate and complete remedy at law; by adding an allegation that the defendants owned the property under contract; by the addition of a complete description of the real estate and by an insertion verbatim of the written memorandum relied upon by the plaintiffs.

No objection was made to this motion by the defendants and the motion was allowed by the presiding justice.

Defendants then filed a new demurrer to the amended bill, which was overruled.

Defendants then filed a new answer to the amended bill substantially the same as the answer to the original bill in

which they admitted a contract for the sale and purchase of the property in question, but set up a new agreement which they say was breached by the plaintiffs.

One of the contentions advanced by the defendants is that, in view of the fact, that the bill seeks an injunction and must be verified under the provisions of Equity Rule 5, that the amendment to the bill should have been under oath.

Section 10, Chapter 107, R. S. 1954, provides that a bill in equity may be amended or reformed at the discretion of the court. See also Equity Rule 20. Amendments to a bill are of two kinds, those which relate to parties and those which affect the substance of the bill. *Hewett* v. *Adams*, 50 Me. 271, at 273.

In *Farnsworth* v. *Whiting*, 104 Me. 488; wherein the case was heard upon report, it was contended that amendments were not allowable because not sworn to, the bill being for an injunction, and required to be on oath. The court said:

> "If the proposed amendments contained any state-ment of additional facts, or even varied any state-ment of matters of fact contained in the bill, the objection might be valid."

The court pointed out, however, that in the case under consideration, the proposed amendments were purely in matters of form; that no statement of fact was added and none was varied. The court further said:

> "It is only the manner of stating them that is varied."

The proposed amendments were, therefore, held allow-able and the bill taken as amended accordingly.

It is to be noted that in the case of *Farnsworth* v. *Whit-ing, supra,* no action had been taken upon the allowance of the motion to amend until the cause was heard by the Law Court on Report. In the instant case now under our con-

sideration, the amendment was allowed by the presiding justice without objection on the part of counsel for the defendants.

It would seem to be the rule that an amendment to a bill seeking an injunction must be under oath if new material facts are alleged. *Lakin & Gould* v. *Chartered Company*, 111 Me. 556.

Giving our attention to the amendment now objected to for the first time by the defendants, we are of the opinion that no new material matter was included in the amendment, and thus verification was not essential.

In the amendment, plaintiffs added an allegation to the effect that they did not have a plain, adequate and complete remedy at law. As it is no longer necessary for a plaintiff in equity to allege in his bill that he has not a "plain, adequate and complete remedy at law," Equity Rule 4, *Goodwin* v. *Smith,* 89 Me. 506, such an allegation cannot be construed as being new material matter.

The original bill did not contain a complete description of the property involved, but for a description, referred to the recorded warranty deed by which defendants had secured title. In the amendment, plaintiffs added a complete description. This cannot be construed as an allegation of a new statement, but it is only a varied manner of stating the original allegation. Plaintiffs, in their amendment, also added a clause indicating that the property was owned by the defendants, such a statement having been omitted in the original bill. An allegation of ownership is unnecessary; 49 Am. Jur. 183, Section 160; and, in any event, failure to allege ownership by the defendants was cured by the pleadings of the defendants who admit ownership of the property in question.

The other amendment consisted of including verbatim, the written memorandum relied upon which had not been

incorporated in the original bill. We do not construe this as the addition of new material matter.

Consequently, it is our opinion that defendants' point upon this issue is not well taken particularly when no objection was raised to the motion to amend at the time it was filed.

Plaintiffs having demanded that defendants file an answer under oath, defendants now advance the contention that because of the effect of an answer under oath, plaintiffs have not sustained the burden incumbent upon them.

We turn our attention now to the effect of an answer under oath as bearing upon the question of evidence.

Under the provisions of Section 15, Chapter 107, R. S. 1954, the answer to a bill in equity shall be verified by oath, if the plaintiff in his bill asks for an answer upon oath. Otherwise, under our equity practice, an answer under oath is not required. Section 377, Whitehouse Equity Pleading & Practice.

> "When a cause goes to hearing on bill, answer and replication, it is a rule in general chancery practice, when the answer is under oath, that such parts of the answer as are responsive to the bill are evidence equal to the testimony of one credible witness and are, therefore, to be taken as true unless outweighed by a preponderance of evidence but those parts of an answer which are not responsive, but set up matter by way of avoidance are not evidence and the burden is upon the defendant to prove them. The preponderance of evidence required by the rule is a preponderance of any kind of legal evidence such as two credible witnesses or one witness and corroborating circumstances or even circumstances or documents alone. Any evidence, no matter what it may be, is sufficient if it outweighs the answer and in determining the weight of such evidence any fact may be taken into consideration which has a bearing upon the ques-

tion." Section 390, Whitehouse Equity Pleading & Practice; *Bradley* v. *Chase*, 22 Me. 526-527; *Appleton* v. *Horton*, 25 Me. 23; *Gamage* v. *Harris*, 79 Me. 531.

It is to be noted that while counsel for the defendant has correctly stated the rule as to the weight of an answer under oath when the answer is responsive to the bill, the rule, however, does not apply in this particular case, because the part of the answer upon which the defendants rely is not responsive, but sets up matters by way of avoidance. As previously pointed out, the defendants admit the allegations in the plaintiffs bill insofar as the contract relied on by the plaintiffs is concerned, but they set up affirmatively that a new agreement was entered into which was breached by the plaintiffs. Upon this issue the burden was on the defendants.

The presiding justice found there was no new agreement and the evidence supports this finding. It is unnecessary to cite the long line of decisions to the effect that ordinarily the findings of the sitting justice as to matters of fact are to be sustained unless clearly erroneous; and that the burden is upon the appellant to show that the decision was clearly wrong.

The evidence supports a finding that plaintiffs entered into an oral agreement to purchase the real estate in question from the defendants, the transfer to take place when the plaintiffs had successfully negotiated a loan with the Veterans Administration. The original agreed price was $4,000.00, which was subsequently changed to $3,000.00. The evidence further sustains a finding that the Veterans Administration approved the loan on or about May 6, 1955, at which time the defendants were notified that plaintiffs were ready and willing to perform their part of the agreement.

In their original bill, plaintiffs alleged an agreement of purchase at a price of $3,000.00. The bill alleged that de-

fendants had bound themselves by a memorandum signed and executed by them.

In their amended bill, plaintiffs set forth verbatim a memorandum signed by the defendants which specified a purchase price of $3,000.00.

The evidence disclosed that the original agreement, partly oral and supported by a written memorandum, specified a purchase price of $4,000.00, and this original memorandum was explicit enough in its terms to permit of an action for specific performance. The substituted memorandum changing the purchase price to $3,000.00, might well have been considered inadequate. However, this point is not in issue, as any weakness, if weakness there was, in the form of the substituted written memorandum was not taken advantage of by the defendants in their pleadings. It has been held that a court of equity has jurisdiction to compel specific performance of parol agreements for conveyance of land and that in a bill for specific performance of such parol agreement, if the defendant would rely on the statute of frauds at the hearing, he must raise the question by demurrer, plea or answer. *Douglas* v. *Snow*, 77 Me. 91.

It appears that when the plaintiffs took possession of the premises pursuant to the agreement of sale and purchase, plaintiffs further agreed that they would pay rent to the defendants at the rate of $25.00 per month until the expected loan was approved. Plaintiffs made these payments and made two extra payments totalling $50.00 subsequent to the date of the approval of the loan.

The presiding justice found as a matter of fact, that a contract had been entered into between the parties, whereby the defendants agreed to sell, and the plaintiffs agreed to buy the real estate in question for an agreed amount of $3,000.00, the sale to be completed upon approval by the Veterans Administration of a loan negotiated by the plain-

tiffs. He further found from the evidence that the plaintiffs as of about May 6, 1955, were ready and willing to comply with their part of the agreement and that the defendants breached their contract by refusing to convey. He further found that the plaintiffs were entitled to a credit of $50.00 to be deducted from the purchase price by reason of rent paid after the time of performance had arrived. The presiding justice ordered the defendants to execute and deliver to the plaintiffs, as joint tenants, and not as tenants in common, a deed of warranty in the customary form, warranting against all incumbrances except the taxes assessed or to be assessed for the tax year beginning April 1, 1956, and he further ordered that the taxes for 1955 be pro-rated between the plaintiffs and the defendants on a basis of one-sixth to be paid by the defendants and five-sixths to be paid by the plaintiffs.

The findings and decree of the presiding justice are all supported by the evidence with the exception of that portion of his decree relating to the nature of the conveyance and to the pro-ration of taxes. There is nothing in the case to support the finding of the presiding justice that the defendants should convey the property to the plaintiffs as joint tenants by warranty deed. In that respect the decree is erroneous. All that the defendants are obliged by law to do is to convey to the plaintiffs a good marketable title, and in the absence of specific agreement on the point, this can be accomplished by a deed of quitclaim with special covenants of warranty against incumbrances created by them. *Garcelon* v. *Tibbetts,* 84 Me. 148; *Depositors Trust Company, trustee,* v. *Bruneau, et al.,* 144 Me. 142 at 146. Moreover, as the record is entirely bare of evidence upon the question of payment of taxes, and as the defendants had title to the property on April 1, 1955, the entire liability for taxes for the year 1955 falls upon the defendants.

It is, therefore, our opinion that the decree should provide that the defendants convey to the plaintiffs a good marketable title to the property in question, this to be accomplished by a deed of quitclaim, with special covenants of warranty against incumbrances created by them, including taxes assessed for the year 1955, but excluding all subsequent taxes, for the amount of $2,950.00.

The decree below is affirmed with the exception of the modifications herein suggested. The cause is remanded to the court below for the entry of a decree in the form indicated by this opinion. Appellees to recover additional costs.

*So Ordered.*