Richard LITTLEFIELD

v.

Robert H. BROWN, Jr.

Supreme Judicial Court of Maine.

Dec. 1, 1978.

---

Waterhouse, Carroll & Cyr by Robert N. Cyr (orally), Biddeford, for plaintiff.

Smith, Elliott, Wood & Nelson by Stephen R. Lamson (orally), Roger S. Elliott, Saco, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Brown, the lessor of a parcel of real estate, appeals from a judgment granting his lessee, Littlefield, specific performance of two purchase options provided for in the lease agreement. Appellant asserts that, unless otherwise agreed, a purchase option must be exercised by a tender of the purchase price, not by mere notice of exercise of the option. Further, he contends that in this case, even if tender was not required, the attempted exercise of the options was ineffective because of the means employed. We deny the appeal, concluding that tender was not required and that the means appel-

lee used to exercise the option were effective.

Appellant Brown, as lessor, and appellee Littlefield, as lessee, entered into a lease agreement that gave Littlefield the option to purchase the leased premises ("Parcel 1") for $5,000 "during or on expiration of the lease." The agreement also gave Littlefield an option to rent or purchase an adjacent parcel ("Parcel 2") of similar size, 200 feet by 220 feet, on the same terms. A handwritten sentence, initialed by both parties, following the option clause relating to Parcel 2, provided that the lessee would have a right of first refusal if the lessor had "an opportunity to sell" Parcel 2.

The lease ran from June 18, 1971, to June 18, 1972. The agreement contained a provision setting forth a procedure for giving any notice under the lease, but it contained no provision expressly requiring notice.

By a written message dated November 21, 1971, Brown informed Littlefield that he had a buyer for Parcel 2 and said, "Please let me hear from you within the next seven days or I will assume that you are not interested." Littlefield's reply, dated November 26, 1971, stated that a check "for $50.00 down payment" was enclosed, that Littlefield wanted to have his attorney "search title," and that Littlefield would "be in touch" with Brown the following week.

Littlefield did not communicate again with Brown about Parcel 2 until June 3, 1972, when he requested a warranty deed for it. Appellant reacted on June 8 by sending a message the tenor of which was that he would not sell all 200 feet of Parcel 2 because he would be left with an area that would be substandard in size under the town ordinance. Brown indicated in the same message that he would sell either Parcel 1 alone or Parcel 1 and an adjoining portion of Parcel 2, 188 feet wide instead of 200. Nothing in the message suggested that Brown thought Littlefield's reply of November 26, 1971, had amounted to a failure to exercise the option on Parcel 2. The message said nothing about tender of the price.

Two days before the end of the lease, Littlefield notified Brown he was exercising his option to purchase Parcel 1. He also expressed his continued desire for Parcel 2 and said he wanted deeds to the two lots to be drawn up within thirty days. Brown answered on July 14, 1972, by stating that Littlefield had not answered his question in the June 8 letter, namely, whether Littlefield wanted a 200-foot lot or a 388-foot lot. Littlefield replied on August 1, 1972, that he wanted two lots of 200 feet each and demanded specific performance of the lease agreement. Appellee has never tendered payment, and appellant has never tendered a deed of either parcel.

■ After a bench trial, the Superior Court ordered appellant to convey to appellee the two complete parcels of land and ordered respondent to pay to appellant the agreed consideration of $10,000 less any amount already paid. The court found that a valid option agreement existed, that the options were properly exercised in accordance with the agreement, and that appellant Brown had, in fact, accepted Littlefield's attempted exercise of his right to purchase the lots. The court correctly rejected appellant's argument that the purchase provisions of the agreement were invalidated by the absence of specific provisions as to how the options should be exercised or what the provisions of the deeds to the two parcels should contain. *See Shull v. Sexton,* 154 Colo. 311, 390 P.2d 313 (1964).

■ The Superior Court was also correct in holding that payment or tender of the price was not a requisite to the effective exercise of the option to purchase Parcel 2. When the agreement is silent as to the time of payment by the optionee, he may manifest his intention to exercise the option by whatever method is permitted under the agreement, without having to tender the purchase price as a requisite of his exercise of the option. *Shull v. Sexton, supra; Loose v. Brubacher,* 219 Kan. 727, 549 P.2d 991 (1976); *Gulf Oil Corp. v. Ferguson,* 509 S.W.2d 1 (Mo.1976); *Kidd v. Early,* 289 N.C. 343, 222 S.E.2d 392 (1976);

*Killam v. Tenney,* 229 Or. 134, 366, P.2d 739 (1961); 1A A. Corbin, *Contracts* § 264 (1963); 6 S. Williston, *Contracts* § 887 BB (3d ed. 1962). *See* Annot., *Necessity for Payment or Tender of Purchase Money Within Option Period in Order to Exercise Option, in Absence of Specific Time Requirement for Payment,* 71 A.L.R.3d 1201 (1976). The case of *Ervin v. Colby,* 119 Me. 118, 109 A. 388 (1920), relied on by the appellant, is clearly distinguishable on the ground that the agreement in that case expressly required the payment of the price at the time the option was exercised.

In such a case, if the optionee exercises his option, both parties become bound to perform their obligations under the resulting contract for the purchase and sale of the property. *See* A. Corbin, *supra,* § 264. The law of vendor and purchaser then plays its usual suppletive role of providing for contingencies not expressly provided for by the agreement of the parties.

■ By the terms of the lease agreement, the lessee, Littlefield, had the privilege of exercising his option on either parcel "during or on expiration of" the lease. The handwritten right-of-first-refusal clause following the option provision for Parcel 2 had the effect of limiting the lessee's option to purchase or rent Parcel 2. Under that clause, the lessor was not required to keep Parcel 2 available for possible exercise of the option during the whole term of the lease if the lessee was given an opportunity to purchase under his right of first refusal and failed to exercise the option. Thus the issue is whether the lessee effectively exercised his option on November 26, 1971. If he did not, the lessor was within his rights in refusing to recognize the later attempted exercise of the option. For obvious reasons the optionor is entitled to a reasonably prompt decision by the optionee in such a situation. However, absent a provision to the contrary in the agreement, he is not entitled to tender of the purchase price until time for performance of the resulting sale-purchase agreement.

The Superior Court found that Littlefield's written reply dated November 26, 1971, enclosing his check for fifty dollars, was accepted by Brown as sufficient notice of Littlefield's intention to exercise the option. We cannot say, as a matter of law, that the presiding justice erred in placing that construction on the facts. Although Brown might have reasonably insisted on a clearer statement by Littlefield that he meant to exercise his option to purchase Parcel 2, the conclusion of the Superior Court is supported by the fact that Brown kept the fifty dollars and made no objection to the form of the notice until the following June after he discovered his own plight under the local zoning ordinance. In the circumstances, the lessee sufficiently exercised his options.

■ In the absence of a provision in the option clauses specifying the estate to be conveyed or the warranties to be included in the conveyance, the trial court held correctly that the appellant was obliged to deliver marketable title in fee by deed of quitclaim, with covenants of special warranty against encumbrances created by the appellant. For that ruling the court cited *Lovejoy v. Coulombe,* 152 Me. 385, 131 A.2d 450 (1957), which remains good law.

■ Littlefield has never tendered the purchase price of the two parcels. Such tender was not required, as we have seen, for effective exercise of the options. After exercise of the options, the arrangement between the parties became that of vendor and purchaser under an executory land contract. Delivery of the conveyance and payment of the price become concurrent conditions in the absence of agreement otherwise. Here, however, because of Brown's refusal to convey all 200 feet of Parcel 2, Littlefield was justified in supposing that tender would be futile as a means of getting Brown to perform in accordance with the agreement. In the circumstances, tender was excused by futility, Brown having made it clear that he would convey only Parcel 1 alone or Parcel 1 plus 188 feet of Parcel 2. *See Dehahn v. Innes,* Me., 356 A.2d 711, 719 (1976). *Cf. Pelletier v. Dwyer,* Me., 334 A.2d 867 (1975).

The judgment of the Superior Court directed appellant to convey the two complete parcels to appellee, and it directed appellee, on execution of the conveyance, to pay appellant the amount remaining on the purchase price. We interpret that judgment as calling for concurrent transfers of the conveyance and the payment.

The entry is:

Appeal denied.

Judgment affirmed.