## JAMES EDWARD EASTMAN *vs*. GEORGE I. EASTMAN, et als.

### Cumberland.    Opinion June 21, 1918.

*Procedure in equity to enforce an oral agreement, relating to lands where an action at law could not give just compensation. Rule as to granting specific performance. Rule as to findings of fact by a single Justice in an equitable proceeding being reversed upon appeal.*

This is a bill in equity praying for the specific performance of an oral agreement made by James Eastman, father of the plaintiff, to devise his homestead farm in Brunswick to the plaintiff. The cause was heard by a single Justice of this court who sustained the bill. Final decree was made and filed, and the defendants appealed therefrom to the Law Court.

*Held*:

1. That compensation in damages for the breach of an agreement to convey real estate is not regarded as adequate relief is well settled.

2. The parties directly interested are in court and answering, and the parties who are pointed out as having an indirect interest under the codicil, the other children of James Eastman or their descendants, are not necessary parties to this proceeding. If a remote or contingent interest in the parties named appears later, it would be by right of representation, and they would be bound by any decree made against the defendants under whom they must claim, if they should claim at all. Nor are the executors necessary parties, as they are not in this instance charged with any duty involving the real estate in question.

3. The findings of fact by the sitting Justice are amply sustained by the evidence, and in accord with the cases cited announcing a uniform rule that specific performance may be decreed in such cases against heirs.

4. It is well settled that the decree of a single Justice upon matters of fact in an equity hearing will not be reversed unless it clearly appears that the decree is erroneous.

Bill in equity praying for specific performance of an oral agreement. The case was heard before a single Justice upon bill, answer, replication and proof. From the decree of the single Justice sustaining the bill, defendant entered an appeal to Law Court. Judgment in accordance with opinion.

Case stated in opinion.

*Wheeler & Howe*, for complainant.

*Robert E. Randall, and William A. Connellan*, for respondents.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

HANSON, J. This is a bill in equity praying for the specific performance of an oral agreement made by James Eastman, father of the plaintiff, to devise his homestead farm in Brunswick to the plaintiff. The cause was heard by a single Justice of this court who sustained the bill. Final decree was made and filed, and the defendants appealed therefrom to the Law Court. The sitting Justice found the following facts to be established:

"James Eastman, late of Brunswick in the County of Cumberland, died on the tenth day of June, A. D. 1915, seized and possessed of a certain homestead farm situated in said Brunswick. About nine or ten years before his death the said James Eastman entered into an agreement with the plaintiff, who was his eldest son, that if the plaintiff would remain with the said James Eastman during the remaining lifetime of the latter and assist him in the proper care, cultivation and management of said farm that he would devise the said farm to the plaintiff, together with the stock, tools and other goods and chattels thereon, so that the plaintiff would become the owner thereof in fee simple after the death of said James Eastman. Relying upon said agreement and in fulfillment thereof, the plaintiff remained with the said James Eastman continuously from the time said agreement was made until the death of said James Eastman, fully and faithfully performing all of the duties and obligations imposed upon him by the terms and conditions of said agreement.

"On the seventh day of December, A. D. 1911, the said James Eastman made and executed his last will and testament whereby the said farm was devised in fee simple to the plaintiff, together with the personal property above mentioned.

"On the nineteenth day of December, A. D. 1914, the said James Eastman made and executed a codicil to his said last will and testament whereby the devise to the plaintiff of said farm was revoked and the same was devised to the plaintiff for the term of his natural life only and an estate in remainder in said farm was thereby devised to any of the children of James Eastman who might be living at the death of the plaintiff with the provision that if any of said children should die prior to the death of the plaintiff leaving descendants, the descendants of such child or children would take the share their

parent would have taken if living, per stirpes. By the terms of said codicil the personal property above described was bequeathed to the plaintiff. Both the will and codicil have been duly proved and allowed in the Probate Court for said County of Cumberland.

"Upon the foregoing facts I find and rule that the plaintiff is entitled to receive and retain the personal property bequeathed to him by said will and codicil and is also entitled to a specific performance of the agreement to devise the farm made by said James Eastman as aforesaid and that the defendants should be required to convey to the plaintiff all of the right, title and interest which they have acquired to said premises, the same being all of the real estate owned by the said James Eastman at the time of his decease in the County of Cumberland. A decree may be made and filed to carry out these findings and conclusions.

"Dated this eighth day of January, A. D. 1917."

And thereafter, on the 24th day of January, 1917, made and filed the final decree, which follows:

"This cause came on to be heard this day upon bill, answer, replication and proofs and was argued by counsel; and thereupon, upon consideration thereof, the plaintiff's bill is sustained with costs and it is ordered, adjudged and decreed as follows, viz:

That the defendants, George I. Eastman, Winnie Holbrook, Clara G. Soule and Clarence E. Eastman, shall make, execute, acknowledge and deliver to the plaintiff, James Edward Eastman, a quit-claim deed, with special convenants of warranty against the lawful claims or demands of all persons claiming by, through or under them, of the premises described in the plaintiff's bill and being all of the real estate owned by James Eastman, the father of the parties to this cause, within twenty-one days from the date of this decree.

Dated this twenty-fourth day of January, A. D. 1917."

The defendants in their answer invoke the statute of frauds but waive the same in brief and argument. At the hearing no defense was offered, the appellants relying wholly upon technical objections raised on appeal and urged in their brief. They contend that (1) the plaintiff should be left to pursue his remedy in a court of law, as the circumstances connected with this case do not call for the exercise of equitable powers. (2) If any conveyance of the property should be made to the plaintiff, he must be required as a condition thereof to give up the bequest made to him under the will. (3) All parties

concerned in the property covered by the finding of facts and decree are not parties to this action. (4) No evidence that conditions named in the codicil as to personal property have been performed.

These objections to the complaint and the equity power of the court are not well taken. In such circumstances a complainant is not required to seek redress as in a suit at law. The equity side of the court is open to him as affording the best means of settling rights so involved, and administering adequate relief.

The law defining the power of the court and governing procedure in similar cases is stated in *Nugent* v. *Smith*, 85 Maine, 433, in these words:—"Among the equity powers expressly conferred upon the court is the power to compel the specific performance of written contracts. R. S., Chap. 77, Sec. 6, Clause 3. True, this is a discretionary power; and, generally, it will not be exercised when the party seeking to have it exercised has a full and adequate remedy by an action at law. But an action at law has never been regarded as an adequate remedy for the breach of an agreement to convey real estate; and when such an agreement is founded on an adequate consideration, and is obtained without fraud or oppression, the duty of the court to compel its specific performance is universally acknowledged." That compensation in damages for the breach of an agreement to convey real estate is not regarded as adequate relief is well settled. *Foss* v. *Haynes*, 31 Maine, 89; *Woodbury* v. *Gardner*, 77 Maine, 69; *Twiss* v. *George*, 33 Mich., 253; *Bennett* v. *Dyer*, 89 Maine, 17; *Howe* v. *Watson*, 179 Mass., 30; 36 Cyc., 673, and cases cited; *Howe* v. *Benedict*, 142 N. W., (Mich.), 768.

The second objection has no merit inasmuch as the plaintiff has received and retains the personal property involved in the contract and seeks no other. The third and fourth objections deal only with questions raised in view of the codicil, which in no manner affect the main question involved here. The parties directly interested are in court and answering, and the parties who are pointed out as having an indirect interest under the codicil, the other children of James Eastman or their descendants, are not necessary parties to this proceeding. If there is a remote or contingent interest in the parties named, it would be by right of representation, and they would be bound by any decree made against the defendants under whom they must claim, if they should claim at all. *Morse* v. *Machias Co.*, 42

Maine, 119. Nor are the executors necessary parties, as they are not in this instance charged with any duty involving the real estate in question.

Here as the sitting Justice finds, there was full performance on the part of the plaintiff. The contract was founded on an adequate consideration, was finally put into writing when the will was made, and the plaintiff relied thereon.

In addition to the performance of his obligation, and the payment of the consideration, the plaintiff must be held to have been in possession under the contract for the last three months at least with the knowledge and consent of the decedent, and that on entering upon the contract the plaintiff abandoned other plans and business prospects at the request of his father who well knew that such abandonment caused the plaintiff financial loss. Again the plaintiff from time to time earned money from other work and used the same in the development, use, and improvement of the farm.

The findings of fact by the sitting Justice are amply sustained by the evidence, and in accord with the cases above cited announcing a uniform rule that specific performance may be decreed in such cases against heirs.

It is well settled that the decree of a single Justice upon matters of fact in an equity hearing will not be reversed unless it clearly appears that the decree is erroneous. *Paul* v. *Frye*, 80 Maine, 26; *Sposedo* v. *Merriman*, 111 Maine, 530.

We find no error. The entry will be,

> *Appeal dismissed with*
> *additional costs.*