Amy **FISHER**, Plaintiff,

v.

Glenn S. **GOORD**, Thomas A. Coughlin, Philip Coombe, Anthony Annucci, Anginell Andrews, Gary Stevens, Martin Kearney, Gary Desalvo, Brian Malone, Richard Shimley, and Dean Schmidt, Defendants.

No. 96–CV–486A(F).

United States District Court, W.D. New York.

Jan. 27, 1999.

**46**

Thomas T. McVann, Westhampton Beach, NY, for plaintiff.

Eliot L. Spitzer, Atty. General of State of New York (William D. Lonergan, Asst. Atty. General, of counsel), Buffalo, NY, for defendants Goord, Coughlin, Coombe, Annucci, Andrews, Stevens, Kearney and Malone.

Andrew Lipkind, Williamsville, NY, for defendant DeSalvo.

Magavern, Magavern & Grimm (Cheryl Smith Fisher, of counsel), Buffalo, NY, for defendant Shimley.

Corey J. Hogan & Associates (Stephen C. Ciocca, of counsel), Amherst, NY, for defendant Schmidt.

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

## JURISDICTION

This matter was referred to the undersigned by order of Hon. Richard J. Arcara dated January 29, 1998 for all pretrial matters. It is presently before the court on Defendants' motion, filed December 11, 1998, to compel Plaintiff's appearance at an oral deposition noticed for February 1, 2, and 3, 1999.

## BACKGROUND

In this civil rights action alleging that while incarcerated at Defendants' correctional facility she was the victim of sexual abuse, Plaintiff's oral deposition notice was served, September 29, 1998, on Plaintiff's attorneys. The deposition was noticed for December 9, 10, and 11, 1998.

On December 7, 1998, Glenn Edward Murray, Esq., then local counsel to Plaintiff, informed Defendant DeSalvo's attorney, Mr.

Lipkind, that he would not attend the scheduled deposition as he intended to withdraw as one of Plaintiff's counsel for non-payment of his fees. On December 8, 1998, Mr. McVann informed Mr. Lipkind by telephone call that he also would not attend the deposition. In turn, Lipkind advised Plaintiff's attorney Defendants reserved their right to reschedule the Plaintiff's deposition and to seek judicial relief based on his failure to attend the deposition. According to Defendants, when, during the telephone conversation, McVann was asked how they should proceed, Mr. McVann failed to provide any response. Subsequently, Mr. Murray filed a motion to withdraw which was served upon Plaintiff and her retained attorney, Mr. McVann, returnable on January 15, 1999, the same return date established by the court for the instant motion. There being no opposition to Mr. Murray's motion, the motion was granted on the record. No papers were filed in opposition to Defendants' instant motion, and there was no appearance by Mr. McVann on behalf of Plaintiff.

## DISCUSSION

It is basic that federal law permits discovery of information relevant to claims and defenses and that such discovery includes the taking of oral deposition of the parties to the litigation, including, by stipulation or with court approval, an incarcerated party. Fed. R.Civ.P. 26(b)(1); 30(a)(1), (2). Here, Plaintiff has failed to make any objection to the noticed deposition and therefore the court finds the deposition should be taken. The motion is, therefore, GRANTED. Approval for such deposition pursuant to Fed.R.Civ.P 30(a)(2) is also hereby GRANTED, and Plaintiff is directed cooperate fully in the taking of the deposition. The court's Deposition Guidelines, attached hereto, shall be followed.

Defendants also seek costs of the motion arguing that the refusal to appear at the scheduled deposition by Plaintiff's attorneys unjustifiably prevented Defendants' attorneys from conducting the deposition as to do so may have constituted a violation of DR 7 – 104, which prohibits communication with a represented adverse party by a lawyer. The

New York Code of Professional Responsibility applies to attorneys admitted to practice in this court. Local R.Civ.P. 83.3(c) (W.D.N.Y.). Defendants thereby reason that as Plaintiff's attorneys' conduct required them to bring the instant motion directing the rescheduled deposition, with or without the presence of Plaintiff's attorneys, Defendants are entitled to costs.

While DR 7 – 107 generally prohibits a lawyer from communicating with a represented party, it also provides an exception where the communication is "authorized by law," or where the attorney for the represented party consents to the communication. DR 7 – 104 A. 1. N.Y. Jud. L. Appendix (McKinney 1992). A duly noticed deposition, pursuant to the Federal Rules of Civil Procedure, is a form of communication authorized by law. There is, moreover, nothing in Fed. R.Civ.P. 30, governing the conduct of oral depositions, to suggest that the deposition of a represented party cannot go forward in the absence of such party's attorney where such counsel have been duly noticed and affirmatively state they will not appear. Although Rule 30 does not specifically state that such deposition may proceed in the absence of the deponent's attorney, if an adverse party's attorney's failure to participate, without good cause, in a duly noticed deposition were allowed to invoke DR 7 – 104, such would operate as a unilateral "veto" of the deposition contrary to the purposes of liberal pretrial discovery established in the federal rules. As noted, DR 7 – 104 also specifically provides that its prohibition is inapplicable where the represented party's attorney has consented to the communication. Here, although Plaintiff's attorneys had notice of the deposition and offered no objection to its going forward as scheduled, the record, based on the papers filed, is ambiguous as to whether such failure constituted a consent.

The purpose of the no contact rule of DR 7 – 104 is to "provide protection of the represented person against overreaching by adverse counsel, safeguard the client-lawyer relationship from interference by adverse counsel, and reduce the likelihood that clients will disclose privileged or other information that might harm their interests." ABA Comm. on Professional Ethics and Grievances, Formal Op. 396 (1995). *See also Polycast Technology Corp. v. Uniroyal, Inc.,* 129 F.R.D. 621, 625 (S.D.N.Y.1990). The rule also facilitates settlement by delegating authority to the lawyers, presumably more skilled in such matters, to conduct settlement discussions. *Polycast Technology Corp., supra.* Where, however, as here, a party's attorney voluntarily relinquishes his right to appear at a properly noticed deposition, and raises no objection to the conduct of the scheduled deposition by motion or otherwise, these salutary purposes should not be applied to defeat the orderly progress of discovery pursuant to the applicable rule. EC 7 – 18, N.Y. Jud. L. Appendix (McKinney 1992) (a lawyer shall not communicate with represented party "unless pursuant to law *or rule of court. . . .* ") (emphasis added). It is the obligation of counsel to advise the client who is to be deposed on their client's right to assistance of counsel at a deposition and the party noticing the deposition has a corresponding right to expect the witness will cooperate in the deposition regardless of whether counsel elects to be present.

It is undisputed that Plaintiff's attorney had ample notice of the deposition and, significantly, there is no indication in the record that Plaintiff's attorneys in any way signaled they desired to be present. It is also the fact that at the time the deposition was scheduled to take place, Plaintiff's local counsel, Mr. Murray, remained an attorney of record and, therefore, could have appeared at the deposition, not withstanding his stated intention to withdraw. *Cf. Elbex Video Kabushiki Kaisha v. Taiwan Regular Electronics Co., Ltd.,* 1996 WL 87278 *3 (S.D.N.Y.1996) (suggesting DR 7 – 104 may be violated where record ambiguous as to whether deposed foreign witnesses' attorneys desired counsel to be present at deposition to assist witnesses). Accordingly as the Plaintiff's duly noticed oral deposition constituted a communication "authorized by law," and Plaintiff's attorneys failed to object to the Plaintiff's unrepresented deposition, DR 7 – 104 did not prevent the taking of the deposition.

Defendants' caution in seeking judicial intervention is not faulted, however, as the

record is not clear as to whether Plaintiff's counsel also advised her to cooperate in the deposition regardless of their non-appearance. Thus, Defendants had a reasonable basis to fear that Plaintiff may have refused to participate in the deposition in the absence of advice from her attorneys. Here, both Mr. Murray and Mr. McVann were advised by Defendants that Defendants would be constrained to adjourn the scheduled deposition and seek judicial intervention to avoid potential violation of DR 7 – 104, yet neither took any action to render the instant motion unnecessary. As Mr. Murray's relationship with Plaintiff was then expected to terminate and as Mr. McVann subsequently telephoned Defendants to advise them he also would not attend the scheduled deposition after Mr. Murray did so, the court finds the primary onus for avoiding the need for Defendants' motion should be placed on Mr. McVann.

Nevertheless, the record provides an insufficient basis upon which to impose costs. There is no indication that either Mr. Murray or Mr. McVann made any statements or took any action to impede the taking of the deposition, and Defendants elected to proceed by motion rather than requesting a conference with the court to obtain informal and timely judicial resolution of the apparent dilemma, which could have allowed the deposition to proceed. Thus, while Mr. McVann, as the Plaintiff's attorney of record then remaining in the case, could have acted in a more forthcoming manner to avoid an unnecessary rescheduling of the deposition and even the instant motion, the court is unable to find the further delay and motion practice to result from any improper conduct on his part. Accordingly, the court finds costs should not be awarded.

However, to avoid any further unnecessary delay in the conduct of Plaintiff's deposition, the court further directs Plaintiff's attorney to (1) appear at the rescheduled deposition, (2) advise his client to cooperate in the deposition if he elects not to appear, or (3) reschedule the deposition at a time when he will be able to appear but in no event later than March 1, 1999.

## CONCLUSION

Based on the foregoing, Defendants' motion (Doc. # 182) is GRANTED without costs.

SO ORDERED.

## APPENDIX

### *GUIDELINES FOR DISCOVERY DEPOSITIONS*

(1) At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

(2) All objections, except those which would be waived if not made at the deposition under Fed.R.Civ.P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Fed. R.Civ.P. 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of deposition.

(3) Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

(4) Counsel shall not make objections or statements which might suggest an answer to a witness. Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(5) Counsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

(6) Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has

been any witness-coaching and, if so, what.

(7) Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(8) Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness' counsel do not have the right to discuss documents privately before the witness answers questions about them.

(9) There shall be only one question at a time put to a witness. Counsel shall permit the witness to fully answer before propounding subsequent or follow-up questions. If the witness indicates he or she does not understand the question, counsel shall simply rephrase the question. There is to be no characterization or comment by examining counsel as to any answer given by a witness. Should the answer reasonably appear to counsel to be unresponsive, counsel may so advise the witness and his or her counsel and have the question repeated by the stenographer from the record.

(10) Examining counsel shall not engage in any argument with opposing counsel as to these issues, rather his objection shall be taken on the record and appropriate relief from this court may be sought upon completion of the examination. Similarly, counsel for a witness shall not engage in any argument with examining counsel as to the objectionability of any question. Rather, he may note his objection and permit the witness to answer the question, subject to the objection.

(11) If a witness or his or her counsel is unclear as to any question, he or she shall be advise counsel and permit the examining counsel an opportunity to rephrase or withdraw the witness' question. Neither witness nor counsel shall make any comment or engage deposing counsel in an argument (other than grounds therefore) about the nature of the question or the witness' request for clarification.

(12) Examining counsel shall at no time interrupt a witness while he or she is attempting to answer a question. Counsel shall await the witness' complete response to a question before advancing any follow-up questions or moving on to a new subject.

(13) Examining counsel shall refrain from unnecessary on-the-record recitation or lengthy quotations from discovery materials or documents except as is necessary to put specific questions to the witness related to such material or documents.

(14) Authority: Fed.R.Civ.P. 16, 26(f), 30, 37(a); *Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D.Pa.1993).